FARWELL, RESPONDENT, v. FARWELL, APPELLANT.

(No. 3,303.)

(Submitted June 10, 1913.  Decided June 26, 1913.)

[133 Pac. 958.]

*Divorce—Adultery—Connivance—What Does not Constitute— Appeal and Error—Theory of Case—"Willful Desertion"— Findings—Conclusiveness—Implied Findings.*

Appeal and Error—Findings—Request Necessary.
  1.  A party who does not request special findings may not on appeal complain of the trial court's failure to make them; in their absence every finding necessary to support the judgment will be implied.
Divorce—Adultery—Connivance—Proof.
  2.  In an action for divorce on the ground of adultery, connivance— corrupt consent on the part of plaintiff to the commission of the act complained of—must be established by clear and convincing proof.
Same—Adultery—Connivance—What Does not Constitute.
  3.  So long as plaintiff in a divorce action was not in any respect responsible for the adulterous act of his wife, the fact that, in order to secure evidence to be used by him on the trial, he laid a trap for her and caught her *flagrante delicto*, was not sufficient to charge him with connivance.
Same—Findings—Conclusiveness.
  4.  Appellant in a divorce proceeding has the burden of showing that the evidence, claimed to be insufficient to support the court's findings, preponderates against them; otherwise they will be deemed conclusive.
Appeal and Error—Theory of Case.
  5.  Where a cause was tried in the district court upon a well-defined theory, alleged errors will be reviewed in the light of such theory.
Divorce—"Willful Desertion"—Definition.
  6.  Willful desertion consists in the voluntary separation of husband or wife from the other, without justification, with intent to desert.
Same—Desertion—Justification.
  7.  Uncontradicted evidence that defendant wife drank to excess, spent nights away from home, visited houses of ill-fame, and committed adultery, showed sufficient justification for plaintiff's act in leaving her without being guilty of willful desertion as defined, in paragraph 6 above.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

ACTION by Frank E. Farwell against Mabel Farwell for divorce.  Judgment for plaintiff.  Defendant appeals from the judgment and from an order denying her a new trial.  Affirmed.

*Messrs. H. A. Tyvand,* and *Mr. E. F. O'Flynn,* for Appellant,
submitted a brief; *Mr. Daniel E. Phelan,* of counsel, argued the
cause orally.

An action for divorce is an equitable action, and for that
reason the complaining party seeking relief must come into court
with a "clear conscience and clean hands." The following au-
thorities quoted hold that in case the complaining party is guilty
of any offense, a ground for divorce is a recriminative act, and
the court should not grant relief: "Divorce is a remedy for the
innocent as against the guilty and will not be granted where
both the parties are at fault. The defense that the complain-
ant has himself been guilty of misconduct constituting ground
for divorce is known as recrimination." (14 Cyc. 648.) "If
the plaintiff is guilty of desertion, he is not entitled to a divorce
for defendant's adultery." (Keezer on Marriage and Divorce,
sec. 253.) "In this state, the statute has specified certain acts
or conduct which shall constitute grounds of divorce, and as far
as the matrimonial contract is concerned, the courts cannot dis-
tinguish between them, whatever difference there may be in a
moral point of view. The several offenses must, therefore, be
held equally pleadable in bar to the suit for divorce—the one
to the other within the principle of recrimination." (*Conant*
v. *Conant,* 10 Cal. 257, 70 Am. Dec. 717.) The Colorado court
of appeals, in the case of *Redington* v. *Redington,* 2 Colo. App.
8, 29 Pac. 811, says: "In the action for divorce brought by the
wife against her husband on the ground of desertion, defendant
may recriminate with a charge of adultery or any other statu-
tory ground of divorce; and where it appears that each party
has been guilty of offense charged, no relief will be granted
either." Note that the court says, "adultery or any other statu-
tory ground of divorce " may be set up as a recriminative charge
against the plaintiff's ground for divorce. And in this state
adultery and desertion are both grounds for divorce. (Rev.
Codes, 1907, sec. 3643.) The Colorado court cites the following
authorities to support its decision: *Conant* v. *Conant, supra;
Nagel* v. *Nagel,* 12 Mo. 53; *Johns* v. *Johns,* 29 Ga. 718; *Hoff* v.

*Hoff*, 48 Mich. 281, 12 N. W. 161; *Adams* v. *Adams*, 17 N. J. Eq. 325; *Handy* v. *Handy*, 124 Mass. 394; *Ribet* v. *Ribet*, 39 Ala. 348.

The following authorities sustain the proposition that the recriminative act need not be on exactly the same ground as that alleged in the complaint by the plaintiff against the defendant, but any statutory ground may be set up as an abso-. lute defense to defeat a judgment and decree being entered for the plaintiff: *Church* v. *Church*, 16 R. I. 667, 7 L. R. A. 385, 19 Atl. 244; *Pease* v. *Pease*, 72 Wis. 136, 39 N. W. 133; *Day* v. *Day*, 71 Kan. 385, 6 Ann. Cas. 169, 80 Pac. 974; *Stoneburner* v. *Stoneburner*, 11 Idaho, 603, 83 Pac. 938; *Earle* v. *Earle*, 43 Or. 293, 72 Pac. 976; *Anderburg* v. *Anderburg* (Iowa), 91 N. W. 1071; *Johnson* v. *Johnson* (Tex. Civ.), 23 S. W. 1022; *Stiehr* v. *Stiehr*, 145 Mich. 297, 108 N. W. 684; *Wass* v. *Wass*, 41 W. Va. 126, 23 S. E. 537; *Setzer* v. *Setzer*, 128 N. C. 170, 83 Am. St. Rep. 666, 38 S. E. 731; *Ribet* v. *Ribet*, 39 Ala. 348; *Hale* v. *Hale*, 47 Tex. 336, 26 Am. Rep. 294.

*Messrs. Kremer, Sanders & Kremer,* and *Mr. J. A. Poore,* for Respondent, submitted a brief; *Mr. J. Bruce Kremer* argued the cause orally.

If one spouse commits adultery, the other is justified in leaving the matrimonial domicile. (14 Cyc. 634.) "To constitute willful desertion, within the meaning of the statute, the going away and refusal to return by the accused party must be without justifiable cause therefor." (*Stocking* v. *Stocking,* 76 Minn. 292, 79 N. W. 172, 668; *Luper* v. *Luper* (Or.), 96 Pac. 1101; *Lyster* v. *Lyster,* 111 Mass. 327; *Boreing* v. *Boreing,* 114 Ky. 522, 71 S. W. 431; 14 Cyc. 633; *Kikel* v. *Kikel,* 25 Neb. 256, 41 N. W. 180.) To prove.desertion in the statutory sense as affording a ground for divorce, it is essential to show that the absence of defendant was not justified by the conduct of the plaintiff. (*Hall* v. *Hall,* 77 Mo. App. 600; *Porritt* v. *Porritt,* 18 Mich. 420; *Caskey* v. *Caskey,* 7 Ky. Law Rep. 726; *Hudson* v. *Hudson,* 59 Fla. 529, 138 Am. St. Rep. 141, 21 Ann. Cas. 278, 29 L. R. A. (n. s.) 614, 51 South. 857.) If the circum-

stances are such as to justify or excuse one spouse in separating from the other, the latter is not entitled to a divorce as for desertion.   (14 Cyc. 632; *Cornish* v. *Cornish*, 23 N. J. Eq. 208.) It is apparent from the foregoing authorities, and from the testimony introduced on behalf of the plaintiff in his case in chief that the evidence did not show that the plaintiff was guilty of desertion, and the motion for a nonsuit or dismissal of the action was properly overruled.

"Connivance in the law of divorce is the complainant's consent, express or implied, to the misconduct alleged as a ground for divorce.   A corrupt intention on the part of the complainant that the guilty party shall commit the offense is generally con sidered an essential element of connivance.   If the consent was actually given, the intent is impliedly corrupt and the defense is complete, but where the connivance is claimed as impliedly the result of certain acts or omissions, they must appear to have proceeded from an evil motive."   (14 Cyc. 644.)   "The husband's failure to protect the wife against temptation will not relieve her from the consequences of her adultery, unless he actively or passively consents thereto."   (*Id.* 645.)   "And if he suspects her of the offense, he may take measures to secure proof to be used by him in an action for divorce without being guilty of connivance."   (*Id.* 646; *Cochran* v. *Cochran*, 35 Iowa, 477; *Wilson* v. *Wilson*, 154 Mass. 194, 26 Am. St. Rep. 237, 12 L. R. A. 524, 28 N. E. 167; *Robbins* v. *Robbins*, 140 Mass. 528, 54 Am. Rep. 488, 5 N. E. 837; *Torlotting* v. *Torlotting*, 82 Mo. App. 192; *Lee* v. *Hammond*, 114 Wis. 550, 90 N. W. 1073; *Puth* v. *Zimbleman*, 99 Iowa, 641, 68 N. W. 895.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to obtain a decree of divorce on the ground of adultery, and for the custody of the minor child, the issue of the marriage.   The defendant answered; denied the allegations of the complaint and set forth affirmatively charges against the plaintiff of extreme cruelty, willful neglect, desertion and adultery, and asked for a decree of separate mainte-

nance and for the custody of the child. The affirmative allegations were put in issue by reply. The trial was had to the court without a jury and resulted in a judgment in favor of the plaintiff. From that judgment and from an order denying her a new trial, the defendant appealed.

1. There is complaint that the trial court failed to make spe-
[1]  cial findings as required by section 6763, Revised Codes, but this complaint is unavailing because appellant failed to request special findings as required by section 6766, Revised Codes. (*Gans & Klein Invt. Co.* v. *Sanford,* 35 Mont. 295, 88 Pac. 955.) In *Bordeaux* v. *Bordeaux,* 43 Mont. 102, 115 Pac. 25, this court said: "A party failing to make such request cannot allege error because of the omission to obey the command of the statute. Every finding necessary to support the judgment will then be implied."

2. It is contended that the prayer of plaintiff's complaint
[2]  should have been denied because of his connivance; but aside from the fact that this defense is not pleaded, there is little, if any, evidence tending to support the charge. "Connivance" is defined by section 3659, Revised Codes, as "the corrupt consent of one party to the commission of the acts of the other, constituting the cause of divorce." It is little less than a crime generally, and may constitute a crime under certain circumstances. The idea that a husband willingly submits to his wife's illicit intercourse is so repulsive and so odious, that the law wisely requires that the consent to adultery must be established by clear and convincing proof. (2 Bishop on Marriage, Divorce and Separation, sec. 223.) The fact that the
[3]  plaintiff, suspecting his wife of adultery, laid a trap and caught her *flagrante delicto,* thereby securing evidence to be used by him in his divorce proceeding, is not sufficient to charge him with connivance so long as he was not in any respect responsible for her adulterous act. (14 Cyc. 646.)

In *Robbins* v. *Robbins,* 140 Mass. 528, 54 Am. Rep. 488, 5 N. E. 837, the court said: "There is a manifest distinction between the desire and intent of a husband that his wife, whom he believes to be chaste, should commit adultery, and his desire and

intent to obtain evidence against his wife, whom he believes already to have committed adultery and to persist in her adulterous practices whenever she has opportunity.''

In *Wilson* v. *Wilson*, 154 Mass. 194, 26 Am. St. Rep. 237, 12 L. R. A. 524, 28 N. E. 167, the rule is stated as follows: ''Merely suffering, in a single case, a wife, whom he already suspects of having been guilty of adultery, to avail herself to the full extent of an opportunity to indulge her adulterous disposition, which she has arranged without his knowledge, does not constitute a connivance on the part of the husband, even though he hopes he may obtain proof which will entitle him to a divorce, and purposely refrains from warning her for that reason. He may properly watch his wife, whom he suspects of adultery, in order to obtain proof of that fact. * * * The law does not compel a husband to remain always bound to a wife whom he suspects, and it allows him, as it does other parties who think they are being wronged, reasonable scope in their efforts to discover whether the suspected party is or is not guilty, without themselves being adjudged guilty of conniving at the crime which they are seeking to detect.'' The same doctrine is announced by the Iowa court as follows: ''It seems to be well settled that a husband may watch his wife whom he suspects, and may even leave open the opportunities which he finds, so long as he does not make new ones or invite the wrong.'' (*Puth* v. *Zimbleman*, 99 Iowa, 641, 68 N. W. 895; see, also, *Lee* v. *Hammond*, 114 Wis. 550, 90 N. W. 1073.)

3. Upon the recriminatory charges of extreme cruelty and adultery, the evidence is sharply conflicting, consisting in the [4] main of the testimony of the wife in support, and of the husband in denial, of each of these charges. The trial court, having the advantage of seeing the witnesses upon the stand, hearing them testify and observing their demeanor, resolved the questions raised upon these charges in favor of the plaintiff, and with that conclusion we are not justified in interfering. The appellant has the burden of showing that the evidence preponderates against the trial court's findings. (*Reid* v. *Hennessy Merc. Co.*, 45 Mont. 383, 123 Pac. 397.)

4. With respect to the charges of willful desertion and willful neglect, there is not any substantial conflict in the evidence. For a short time before the commencement of this action plaintiff contributed toward the support of his wife and eight year old son, forty-five or fifty dollars per month; thirty-five dollars per month for a short time, and thirty dollars per month for the remainder of the period during which the parties lived apart. There is also evidence that he paid some doctor bills and probably gave to his wife small sums in addition to the amounts named above. There is not any question of the husband's ability. At the time of the trial he was earning $200 per month. In the December previous he was earning $175 per month. What his earnings were during the remainder of the time does not appear. "Willful neglect" is defined in section 3654, Revised Codes, as "the neglect of the husband to provide for his wife the common necessaries of life, he having the ability to do so, or it is the failure to do so by reason of idleness, profligacy or dissipation." At first blush it would seem that the amounts paid by this plaintiff to his wife for the support of herself and child were altogether inadequate for that purpose, and out of proportion to his earnings; but it is fairly inferable from the evidence that the amounts were either agreed upon by the parties or fixed by the court in a separate proceeding instituted for the purpose of compelling him to furnish support. In our consideration of this matter we are embarrassed somewhat by the meagerness of facts disclosed and by the attitude of counsel in proceeding upon assumptions not entirely warranted by the record. Apparently the cause was tried upon [5] a well-defined theory, and it is our duty to review alleged errors in the light of that theory so far as it is disclosed. With respect to this particular charge of willful neglect we are simply unable to say from the record before us whether or not it was made out. It was relied upon as an affirmative defense and the burden of proof was upon the defendant. The trial court determined the issue in favor of the plaintiff, and there is not sufficient in the record before us to warrant a reversal of that conclusion.

With respect to the charge of willful desertion, the evidence discloses that while these parties were living in Lincoln, Ne-
[6, 7]    braska, the plaintiff left his wife, notifying her that he did not intend to live with her longer, and came to Montana with the intention that he would not resume the marital relation with her; that the defendant soon afterward followed him to this state, and that they resided in Butte but continued to live separate and apart. Assuming that these facts make out a *prima facie* case of desertion in the absence of any explanation, the question then arises: Has plaintiff brought himself within any well-recognized exception to the general rule which requires the husband to live with his wife and perform the duties imposed by the marital relation. In explanation of his conduct and as excusatory thereof, the plaintiff testified that while they were living together in Lincoln, Nebraska, his wife drank to excess, came home intoxicated, and spent the nights away from home; that he detected her visiting houses of bad repute and that she admitted to him that she was committing adultery. The wife did not deny any of these matters, and the trial court's general finding is a finding that these statements are true. These facts constitute the plaintiff's excuse for his failure to live and cohabit with his wife, and that they are sufficient to warrant him in leaving her, there is not any substantial disagreement in the authorities.

"Willful desertion" is defined by section 3646, Revised Codes, as "the voluntary separation of one of the married parties from the other with intent to desert." The definition implies that the separation is without justification. (14 Cyc. 611; *Luper* v. *Luper* (Or.), 96 Pac. 1099.) In 1 Bishop on Marriage, Divorce and Separation, section 1742, a general rule is stated as follows: "Where there is no consent, acquiescence or estoppel as just explained, no ills arising out of the marriage, or ill-conduct of one party to the other, will so justify a breaking off of the cohabitation as to prevent its being desertion, except ill-conduct of the sort and degree which the law has made foundation for divorce." In *Stocking* v. *Stocking,* 76 Minn. 292, 79 N. W. 172, 668, the supreme court of Minnesota criticises the rule an-

nounced by Bishop and says: "On principle, and what seems to be the weight of authority, we hold that the misconduct of one of the parties to the contract of marriage, which will so far justify the injured party in leaving that the separation will not constitute willful desertion, need not necessarily be such as to entitle the injured party to a divorce. It is sufficient if the party withdrawing from the cohabitation has reasonable grounds for believing, and does honestly believe, that by reason of the actual misconduct of the other it cannot be longer continued with health, safety, or self-respect." We are inclined to agree with the Minnesota court; but even if the more rigid rule announced by Bishop should govern, the excuse offered by this plaintiff is sufficient. At the time he left his wife he could have maintained an action against her for divorce for her misconduct, and therefore the separation did not constitute desertion on his part.

There is not any reversible error in the record. The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.