WILLIAMS, Appellant, v. WILLIAMS, Respondent.

(No. 6,470.)

(Submitted June 24, 1929.  Decided July 11, 1929.)

[278 Pac. 1009.]

Cause submitted on briefs of counsel.

*Mr. L. R. Daems,* for Appellant.

*Messrs. Brown & Jones* and *Mr. W. C. Husband,* for Respondent.

MR. JUSTICE GALEN delivered the opinion of the court.

This action was instituted by the plaintiff against the defendant to secure a decree of separate maintenance on the grounds of wilful neglect, extreme cruelty and desertion. The defendant filed an answer denying all the material allegations of plaintiff's complaint, and together therewith a cross-complaint asking a divorce absolute by reason of the plaintiff's extreme cruelty to the defendant persisted in and continued for more than one year, causing the defendant such grievous mental suffering as to entirely destroy the legitimate objects of marriage. Upon issue joined by replication filed by the plaintiff, the cause was tried to the court without a jury on May 17, 1928. After the conclusion of all of the evidence introduced by both parties the court, on September 10, 1928, made findings of fact and conclusions of law in favor of the defendant and against the plaintiff, upon which judgment was thereupon duly entered adjudging that the plaintiff's complaint be dismissed, and that the bonds of matrimony existing between the parties be dissolved by reason of the fault of the plaintiff, from which judgment the plaintiff has appealed.

Plaintiff's several assignments of error present but one question necessary to be considered in disposition of this appeal,

viz.: Is the evidence sufficient to sustain the findings and judgment?

It appears that the plaintiff and defendant were married at Lewistown, Montana, on the first day of June, 1921. The defendant had never before been married, but the plaintiff at the time had been a widow for about a year. Her first husband, a Mr. Olsen, died leaving no estate. There are no children. The defendant is an industrious and successful rancher and stock-raiser, and is possessed of considerable property, though, like many men in his business on a large scale, is not free from debt. Domestic troubles in the family commenced in the summer of 1924 and continued until the plaintiff left the defendant's habitation on February 2, 1927. This action was by the plaintiff instituted on June 28, 1927. At the time of the trial the plaintiff was thirty-eight years of age and the defendant fifty-two.

The allegations of the plaintiff's complaint set forth in separate counts are not sustained by the evidence, although as to the charge of extreme cruelty there is conflict in the testimony. The district court found that the allegations of plaintiff's complaint are not supported by the evidence, and that they are not true; that the defendant was fully justified in refusing to cohabit with the plaintiff by reason of her misconduct, and ordered that her complaint be dismissed. As to the averments of extreme cruelty made the basis of the defendant's cross-complaint, the court found them to be established by the evidence. We have carefully reviewed all of the testimony and find that the fact findings are amply supported by competent evidence, with no proof sufficient to establish condonation. No useful purpose will be subserved by setting forth the court's findings at length, or by a review of the evidence. Suffice it to say that extreme cruelty on the part of the plaintiff towards the defendant was by the court found, and conclusively established by the evidence; and with propriety it may be observed that the testimony is such as to warrant a decree of divorce on grounds of adultery, had the defendant elected so to plead. Consistent with the law, the court prop-

erly found, upon the facts proven, that the plaintiff's conduct was such as to utterly destroy the defendant's peace of mind and happiness, and was of such nature and character as to defeat, and that it did defeat, the legitimate objects of the marriage and rendered a continuance of the marital relation perpetually unreasonable and impossible, without fault on the defendant's part.

The statute provides, so far as applicable here, that extreme cruelty is "the infliction of grievous mental suffering upon the other by one party to the marriage, by a course of conduct towards or treatment of one party to the marriage by the other, existing and persisted in for a period of one year immediately before the commencement of the action for divorce, which justly and reasonably is of such a nature and character as so to destroy the peace of mind and happiness of the injured party, or entirely to defeat the proper and legitimate objects of marriage, or to render the continuance of the married relation between the parties perpetually unreasonable or intolerable to the injured party." (Rev. Codes 1921, sec. 5738.)

Each case must be determined upon its own peculiar facts, and it is well recognized by the authorities that an inclusive and exclusive definition of legal cruelty cannot be given. The courts have not attempted so to do, but generally are content with a determination as to whether the facts in the case considered constitute extreme cruelty. Whether the defending spouse has been guilty of extreme cruelty as defined by the statute is purely a question of fact to be determined from all the testimony presented. The particular acts of cruelty of which complaint is made are not in themselves determining factors, but the question is whether the acts of cruelty are of such a nature and character as to destroy the peace of mind and happiness of the injured party. (*Donaldson* v. *Donaldson*, 31 Idaho, 180, 170 Pac. 94; *Fleming* v. *Fleming*, 95 Cal. 430, 29 Am. St. Rep. 124, 30 Pac. 566.) Where, as here, the evidence in a case tried before the court without a jury is in conflict, the court's decision is conclusive on appeal; the trial court being in a more advantageous position, in conse-

quence of seeing and hearing the witnesses and observing their demeanor and manner of testifying, to determine their credibility than this court upon a review of the cold record. (*Farwell* v. *Farwell,* 47 Mont. 574, Ann. Cas. 1915C, 78, 133 Pac. 958; *Dockins* v. *Dockins,* 82 Mont. 218, 266 Pac. 398.) And in an action for divorce, as in other equity cases, the findings of the trial court will not be disturbed on appeal, unless the evidence decidedly preponderates against them. (*Bristol* v. *Bristol,* 65 Mont. 508, 211 Pac. 205; *Lagier* v. *Lagier,* 58 Mont. 267, 193 Pac. 393; *Albrecht* v. *Albrecht,* 83 Mont. 37, 269 Pac. 158.) In this case the findings are abundantly supported by competent testimony.

We have considered all of the other questions presented by plaintiff's specifications of error, and, finding no merit in them, the judgment is affirmed. Remittitur will issue forthwith.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, FORD and ANGSTMAN concur.