POAGUE, Appellant, v. POAGUE, Respondent.

(No. 6,624.)

(Submitted May 6, 1930. Decided May 24, 1930.)

[288 Pac. 454.]

*Messrs. Walker & Walker* and *Mr. C. S. Wagner,* for Appellant submitted a brief; *Mr. Thomas J. Walker* and *Mr. Wagner* argued the cause orally.

*Mr. N. A. Rotering,* for Respondent, submitted an original and a supplemental brief and argued the cause orally.

**434**

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

Plaintiff commenced this action against defendant seeking a divorce on the ground of cruelty—"grievous mental suffering." (Sec. 5738, Rev. Codes 1921.) Defendant answered denying plaintiff's allegations upon that score and setting up two causes of action against him. Her first cause of action is based upon plaintiff's desertion of her, the second on the ground of cruelty—"grievous mental suffering." In both cross-complaints, or counterclaims, she alleged that she is opposed to any divorce and desires that plaintiff return and live with her. She asked separate maintenance. Plaintiff replied.

After having heard the evidence the court found against the plaintiff upon his alleged cause of action; found that on or about the twenty-eighth day of August, 1928, the plaintiff voluntarily separated from the defendant with intent to desert her, and ever since that time has continued to live separate and apart from her; found against the defendant on her second counterclaim; found that the circumstances of the parties are such that the defendant should have the sum of $75 per month for permanent support and maintenance, that sum being a reasonable, necessary and proper amount for the plaintiff to pay the defendant for that purpose. Upon these findings of fact and appropriate conclusions of law a decree in favor of the defendant was entered. The plaintiff has appealed from the judgment.

Upon the facts found the court would have been justified in denying the plaintiff any relief upon his complaint under the doctrine of *Putnam* v. *Putnam,* 86 Mont. 135, 282 Pac. 855. (Plaintiff began the action upon March 26, 1929.)

The judgment for defendant rests upon her first cause of action, or counterclaim, which is based upon section 5769, Revised Codes 1921, which provides, in part, that, when the husband wilfully deserts the wife, she may, without applying for divorce, maintain in the district court an action against him

for permanent support and maintenance, and that the final judgment in the action may be enforced by the court by such order or orders as in its discretion the court may deem necessary, which orders may be varied, altered, or revoked at the court's discretion.

A discussion of the evidence would be a waste of time and effort. An examination of the record discloses that the evidence is in sharp conflict upon all essential points. There is substantial evidence supporting all of the court's findings. Upon this state of facts we are not permitted to disturb the judgment, being governed by the oft-repeated rule that this court will not overturn the findings of the trial court unless there is a decided preponderance of evidence against them; when the evidence, fully considered, furnishes reasonable grounds for different conclusions, the findings will not be disturbed. (*Allen* v. *Petrick,* 69 Mont. 373, 222 Pac. 451; *Ayers* v. *Buswell,* 73 Mont. 518, 238 Pac. 591; *Gravelin* v. *Porier,* 77 Mont. 260, 250 Pac. 823; *McQuay* v. *McQuay,* 81 Mont. 311, 263 Pac. 683.)

The judgment is affirmed.

ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.

MR. JUSTICE ANGSTMAN, being absent, did not hear the argument and takes no part in the foregoing decision.