BICKFORD, RESPONDENT, v. BICKFORD, APPELLANT.

(No. 7,057.)

(Submitted April 28, 1933. Decided May 18, 1933.)

[22 Pac. (2d) 306.]

*Messrs. William* and *Harry Meyer,* for Appellant, submitted a brief; the latter argued the cause orally.

*Messrs. Duncan & Duncan* and *Mr. Frank E. Blair,* for Respondent, submitted a brief; *Mr. M. M. Duncan* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Plaintiff brought this action against the defendant, his wife, to secure a divorce upon the ground of extreme cruelty. The defendant answered denying the allegations of cruelty, and by cross-complaint sought a divorce from the plaintiff upon the same ground. Plaintiff by reply denied the allegations of cruelty in the cross-complaint. The cause was tried before the court without the aid of a jury.

Plaintiff in his complaint, after alleging the marriage of the parties on July 5, 1930, and the residence in the state for more than one year, alleged "that the defendant has been and now is guilty of extreme cruelty by a course of conduct toward and treatment of the plaintiff, which said course of conduct has existed and been by the defendant persisted in for a period of more than one year immediately next preceding the commencement of this action, * * * which justly and reasonably is of such a nature and character as to destroy the peace of mind and happiness of this plaintiff, and to render a continuance of the marriage relation between them perpetually unreasonable and intolerable to this plaintiff, and entirely to defeat the proper and legitimate objects of the marriage of the parties to this action."

Following these allegations, plaintiff alleged specifically that "defendant did upon many and various occasions quarrel bitterly with the plaintiff and without sufficient or any reason therefor. That during all of said period of time the defendant has been dissatisfied with her married life with plaintiff and has exhibited her dissatisfaction both publicly and privately * * * ; that upon numerous occasions during said period of time defendant has directed vile and abusive epithets toward the plaintiff."

Plaintiff further alleged that defendant placed a pistol against his neck and tried to shoot plaintiff; that upon the failure of the gun to fire, she struck plaintiff a blow with the gun; that she instituted a suit for divorce against plaintiff

on July 11, 1931, without sufficient or proper reason, which suit was dismissed upon plaintiff's forgiveness; and that a few months thereafter the defendant, without warning, left the home of the plaintiff and refused to return.

Immediately following the marriage of the parties, the defendant departed for Chicago and remained there until September, 1930. On the return of defendant to Montana plaintiff and defendant began living together at Sheridan, and though they had numerous quarrels over various matters, they continued to live together until July, 1931, when defendant left the plaintiff and commenced her divorce action in Silver Bow county against the plaintiff upon the ground of extreme cruelty. Upon the sudden death of the mother of the plaintiff, soon after the commencement of this action, the defendant immediately returned to the plaintiff, and the parties resumed their domestic relations, with continued quarreling, after a brief respite, until November 3, 1931, when the defendant refused to live with plaintiff.

The trial court made findings of fact in accordance with the allegations of the complaint and determined all the issues in favor of the plaintiff. The court further found that the allegations of defendant's cross-complaint, or counterclaim, were not supported by the evidence in the case. Judgment was entered on April 2, 1932, decreeing a divorce in accordance with the findings theretofore made. The appeal is from this judgment.

Defendant contends that the complaint does not state facts sufficient to constitute a cause of action. The record discloses that a general demurrer was interposed to plaintiff's complaint. Defendant in her brief asserts that the demurrer was overruled, but the record contains no order or minute entry to that effect. We assume, however, in view of the assertion of the defendant which is unchallenged by the plaintiff, that such was the fact.

"Extreme cruelty" as a ground for divorce is defined by our statute, section 5738, Revised Codes 1921, as amended by Chapter 22 of the Laws of 1931. The amendment is unimportant here, as the divorce action was brought im-

mediately upon the separation of the parties. Under the provisions of section 5738, supra, extreme cruelty may consist of three distinct classes of facts, namely: (a) The infliction or threat of grievous bodily injury, or of bodily injury dangerous to life, or repeated infliction or threat of bodily injury or personal violence upon the other party to the marriage; or (b) where the wife is the plaintiff, the repeated publication or utterance of false charges against her chastity by the husband; or (c) the infliction of grievous mental suffering as defined in the statute. (*Putnam* v. *Putnam*, 86 Mont. 135, 282 Pac. 855, 858.)

Defendant relies upon certain statements in the opinion of this court in the case of *Ryan* v. *Ryan*, 33 Mont. 406, 84 Pac. 494. At the time of that decision the statutory definition of "extreme cruelty" did not include either the second or third classes of extreme cruelty as enumerated above.

Manifestly, this complaint was drafted for the purpose of stating a cause of action under the third class, namely, "the infliction of grievous mental suffering as defined in the statute." (*Putnam* v. *Putnam*, supra.) Hence, what the court said in the case of *Ryan* v. *Ryan*, supra, is inapplicable here.

It is well recognized by the authorities that an inclusive and exclusive definition of legal cruelty cannot be given. Whether the offending spouse has been guilty of extreme cruelty is to be determined from all of the facts alleged. The particular acts of cruelty of which complaint is made, are not in themselves determining factors, but the question is whether the acts of cruelty alleged are of such a nature and character as to destroy the peace of mind and happiness of the injured party. (*Williams* v. *Williams*, 85 Mont. 446, 278 Pac. 1009.)

The complaint before us is not a model pleading, but if the facts stated therein are true, as they are deemed to be true when considering the sufficiency of the pleading, then without question the peace of mind and the happiness of the plaintiff would certainly be destroyed. Hence the complaint is sufficient, and defendant's contention is without merit.

Defendant urges that because the parties, after the separation in July, 1931, resumed their marital relations, a condonation of the past acts of cruelty was effected; that by reason of the fact that less than one year elapsed before the commencement of this action, the trial court committed error in admitting certain testimony, over objection, of acts of cruelty occurring before the month of July, 1931, and that the evidence is therefore insufficient to support the decree.

"Condonation is the conditional forgiveness of a matrimonial offense constituting a cause of divorce." (Sec. 5753, Rev. Codes 1921.)

Section 5756, Id., provides that, "where the cause of divorce consists of a course of offensive conduct, or arises, in cases of cruelty, from successive acts of ill-treatment, which may, aggregately, constitute the offense, cohabitation, or passive endurance, or conjugal kindness, shall not be evidence of condonation of any of the acts constituting such cause, unless accompanied by an express agreement to condone."

Section 5755, Id., provides that "condonation implies a condition subsequent, that the forgiving party must be treated with conjugal kindness."

Subdivision 2 of section 5759, Id., provides that the condonation is revoked "when the offending party is guilty of great conjugal unkindness, not amounting to a cause of divorce, but sufficiently habitual and gross to show that the conditions of condonation had not been accepted in good faith, or not fulfilled."

If the evidence be held to be sufficient to show a condonation and an express agreement therefor at the time the parties resumed their domestic relations in the month of July, 1931, defendant's position is without merit, for the reason that the record discloses much quarreling and other acts of conjugal unkindness sufficient to show that the conditions of condonation, if any such there be, had not been accepted in good faith and had not been fulfilled. Hence this contention must fail.

The rule excluding witnesses was invoked at the commencement of the trial. Plaintiff called one Clark in rebuttal, who had been a spectator in the courtroom during a part of the trial. Objection was made to his testifying, which was by the court overruled. Counsel for plaintiff stated to the court that until the defendant testified they were not advised that Clark would be a witness, and, upon being apprised of this necessity, at their request he left the courtroom. The ruling of the court is assigned as error. The court properly permitted the witness, under the showing made, to testify. (*State* v. *McDonald*, 51 Mont. 1, 149 Pac. 279.)

The defendant asserts that the evidence clearly preponderates against the findings of the trial court. The record is voluminous, and a discussion of the evidence would be a waste of time and effort. An examination of the record reveals that the evidence is in sharp conflict upon many essential points. There is, however, substantial evidence supporting all the court's findings. Upon this state of facts we are not permitted to disturb the judgment, being governed by the oft-repeated rule that this court will not overturn the findings of the trial court unless there is a decided preponderance of the evidence against them. When the evidence, fully considered, furnishes reasonable grounds for different conclusions, the findings will not be disturbed. (*Poague* v. *Poague*, 87 Mont. 433, 288 Pac. 454; *Allen* v. *Petrick*, 69 Mont. 373, 222 Pac. 451; *Ayers* v. *Buswell*, 73 Mont. 518, 238 Pac. 591; *Gravelin* v. *Porier*, 77 Mont. 260, 250 Pac. 823; *McQuay* v. *McQuay*, 81 Mont. 311, 263 Pac. 683.)

Defendant has made certain other specifications of error relating to the admission of testimony over objection, in addition to the assignments discussed supra. If we assume the testimony was inadmissible, the cause having been tried by the court without a jury, it will be presumed that the court so regarded it in making its findings. (*Williard* v. *Campbell*, 91 Mont. 493, 11 Pac. (2d) 782; *State* v. *Driscoll*, 49 Mont. 558, 144 Pac. 153; *Montana Auto Finance Corp.* v. *Federal Surety Co.*, 85 Mont. 149, 278 Pac. 116.)

There was, however, ample testimony admitted without objection, except as to the objection herein first considered, sufficient, if believed, to warrant the trial court in finding the issues in favor of the plaintiff.

We have carefully examined the record and find no error therein.

The judgment is affirmed.

Mr. Chief Justice Callaway and Associate Justices Angstman, Matthews and Stewart concur.

Rehearing denied June 8, 1933.