WOLZ, RESPONDENT, v. WOLZ, APPELLANT.

(No. 8,016.)

(Submitted April 2, 1940. Decided May 3, 1940.)

[102 Pac. (2d) 22.]

*Mr. Carl N. Thompson,* for Appellant, submitted an original and a reply brief and argued the cause orally.

*Mr. John W. Bonner,* for Respondent, submitted an original and a supplemental brief and argued the cause orally.

MR. JUSTICE ARNOLD delivered the opinion of the court.

This is an appeal from a judgment of the district court of Lewis and Clark county granting the plaintiff a divorce from the defendant on the ground of extreme cruelty. The court awarded the plaintiff the custody of the minor child of the parties—a girl of the age of six years—and $25 a month for the child's support. The court also awarded plaintiff certain personal property alleged to have been owned by the plaintiff but in the custody of the defendant.

The plaintiff made timely motion in this court to strike the bill of exceptions from the transcript on the ground that it was not prepared, served and filed within the time allowed by law. It appears that on May 22, 1939, the defendant was notified that his motion for a new trial had been denied. Not until July 10, 1939, did he apply for and receive sixty days in addition to the time allowed by law to prepare, serve and file a bill of exceptions, as provided in section 9390, Revised Codes. It is obvious, therefore, that he obtained the extension too late, and we must sustain the motion to strike the bill of exceptions from the transcript. (*O'Donnell* v. *City of Butte,* 72 Mont. 449, 235 Pac. 707; *Vicain* v. *City of Missoula,* 107 Mont. 105, 81 Pac. (2d) 350.) We are, therefore, limited in our review to the remainder of the judgment roll.

Among the assignments of error which we may now consider is this: Did the court err in overruling the defendant's objection to the introduction of evidence on the ground that the complaint does not state a cause of action?

The allegations as to extreme cruelty consist of the following: "That defendant has been guilty of extreme cruelty of and toward this plaintiff by the infliction of grievous mental suffering upon plaintiff by a course of conduct toward and treatment of the plaintiff existing, and persisted in for a period of more than one year immediately before the 11th day of May, 1938, the date of the commencement of this action for divorce, which justly and reasonably is of such a nature and character so as to destroy the peace of mind and happiness of plaintiff and

entirely to defeat the purpose and legitimate objects of marriage, and to render the continuance of the married relations between this plaintiff and defendant perpetually unreasonable and intolerable to the plaintiff and no longer endurable by her.''

The plaintiff then alleged that the specific acts of such cruelty consisted of the following: That the defendant had been neglectful of the plaintiff; that he did not obey the reasonable requests of plaintiff but would disregard her every wish and kept continually nagging her; that defendant would not repair or arrange the home as plaintiff desired in order that it be comfortable, convenient and satisfactory; that he refused to comply with plaintiff's reasonable requests which made living in the home by the plaintiff uncomfortable, unsatisfactory and unbearable, and disturbed her peace of mind and happiness; that the defendant spent the greater number of evenings away from home and in a pool hall; that he refused to invite or have company in the home of the parties; that he continually found fault with purchases made by the plaintiff; that he was stingy and fault-finding otherwise; and that his conduct was arbitrary and tyrannical, which gave rise to quarrels in the home and thus disturbed and upset the plaintiff's state of mind and happiness, and caused discomfort and damage to the well-being of the child of the parties.

While these allegations are a recital of petty differences and quarrels seemingly not of a serious nature, yet we believe that under the rule laid down in the Montana case of *Williams* v. *Williams*, 85 Mont. 446, 278 Pac. 1009, 1010, they are sufficient to warrant evidence of extreme cruelty. As was held in that case: ''Each case must be determined upon its own peculiar facts, and it is well recognized by the authorities that an inclusive and exclusive definition of legal cruelty cannot be given. The courts have not attempted so to do, but generally are content with a determination as to whether the facts in the case considered constitute extreme cruelty. Whether the defending spouse has been guilty of extreme cruelty as defined by the statute is purely a question of fact to be determined from all the testimony presented. The particular acts of cruelty of which

complaint is made are not in themselves determining factors, but the question is whether the acts of cruelty are of such a nature and character as to destroy the peace of mind and happiness of the injured party." (See, also, *Argenbright* v. *Argenbright,* ante, p. 379, 101 Pac. (2d) 62; *Putnam* v. *Putnam,* 86 Mont. 135, 282 Pac. 855.)

The defendant specifies as error the refusal of the court to ██ ██ sustain his motion for a new trial. In support of his motion he stated that he was in possession of evidence which would establish a valid defense to the complaint. This evidence would show that plaintiff was not fit and proper to have the custody of the minor child of these parties. Defendant admits that he was cognizant of the existence of this evidence at the time of trial but felt impelled not to offer it out of deference to his wife and child. This is no ground for granting a new trial. If the defendant is able to substantiate his charge by competent evidence, he may by appropriate application bring the matter to the trial court's attention, as a decree of divorce awarding custody of a minor child is always subject to modification on a proper showing, the welfare of the child being the paramount consideration. (*Kane* v. *Kane,* 53 Mont. 519, 165 Pac. 457; *State ex rel. Floch* v. *District Court,* 107 Mont. 185, 81 Pac. (2d) 692.)

The rule laid down by this court, and the courts of practically all other jurisdictions, that before a decree of divorce may be modified as to alimony there must be a change in circumstances of the parties, has no application to an award of the custody of a child. Section 5770, Revised Codes, gives the court power, before or after judgment, to make suitable provision for the custody, care and education of the children of the marriage, which provision may be vacated or modified by the court, at any time. In the case of *Pearce* v. *Pearce,* 30 Mont. 269, 76 Pac. 289, 290, in construing the statute, supra, this court said: "If the parents do not, by proper petition, ask the court to make a proper order for the care and protection of their helpless [offspring], the court should and may of its own motion inquire into the facts and make the necessary order, and must do so when

moved by either party, whether such party was in default, or not, in the suit, or is the guilty party. If it makes a mistake in the first instance, it may and should remedy the same, upon a proper showing, as soon thereafter as possible.'' The child of divorced parents is a ward of the court and its rights cannot be compromised by matters which, as between the parties to the suit, would be considered *res adjudicata*.

As above indicated, we are precluded from considering the bill of exceptions in this case, and therefore cannot review the evidence. We have frequently held that in equity cases where there is conflicting evidence, the judgment of the trial court will not be disturbed if there is substantial evidence supporting the decree. (*Farwell* v. *Farwell*, 47 Mont. 574, 133 Pac. 958, Ann. Cas. 1915C, 78; *Dockins* v. *Dockins*, 82 Mont. 218, 266 Pac. 398.) Where, as here, we are not able to review the evidence in any manner, there is greater reason for allowing the judgment of the trial court to stand, it having heard the evidence and observed the demeanor of the witnesses and manner in which they testified.

The judgment of the trial court is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANGSTMAN and ERICKSON concur.

MR. JUSTICE MORRIS, deeming himself disqualified, takes no part in the foregoing decision.