KERRIGAN, RESPONDENT, *v.* KERRIGAN, APPELLANT.

(No. 8411.)

(Submitted June 10, 1943.  Decided July 7, 1943.)

[139 Pac. (2d) 533.]

*Mr. John K. Claxton,* for Appellant,

140

*Messrs. Poore & Poore,* for Respondent,

MR. JUSTICE ERICKSON delivered the opinion of the court.

This appeal is from the judgment for the plaintiff in a divorce action tried in Silver Bow county and from an order denying a new trial to the defendant. The parties were married on August 29, 1932. On August 22, 1941, the husband filed a complaint asking for a divorce on the grounds of extreme cruelty. Defendant filed a general demurrer and after the demurrer was overruled filed her answer and a cross-complaint, seeking a divorce on the grounds of cruelty and asked for permanent alimony.

The specifications of error raise three questions: First, was the complaint sufficient as against the general demurrer; second, was there sufficient evidence to support the court's findings; and, third, did the court properly overrule the motion for a new trial?

In her argument that the complaint was not sufficient as against the general demurrer, the defendant takes the view that the specific acts alleged are not sufficient to constitute extreme cruelty within the statute, and that the complaint is not sufficient to show that the acts alleged, even though being sufficient to support a charge of extreme cruelty, occurred within one year immediately preceding the commencement of the action. Neither argument is well taken.

The complaint alleges that on many occasions the defendant left the home of the plaintiff without his consent and against his wish and remained away from home for many months at a time; that during the time defendant was at the home of the plaintiff she was sullen and sulky, refusing to converse with him except to chide and find fault with him; that she continually nagged him; that she often telephoned plaintiff at his place of

work for the purpose of nagging and embarrassing him; that she at no time cooked his breakfast; that she seldom prepared his supper for him, and that she refused to go out with him; that she continuously complained of being mistreated by plaintiff without cause or excuse. The acts alleged are sufficient to constitute cruelty within the statute.

The complaint is clearly sufficient as to the second position taken by defendant. It alleges that the course of conduct complained of existed and persisted for a period of more than one year before the commencement of the action, and that this course of conduct has persisted ever since the year of the marriage of the parties, and later "that such course of conduct toward and treatment of plaintiff by defendant has existed and been persisted in by defendant since the year of their marriage and for more than one year before the commencement of this action, * * *." (Sec. 5738, Rev. Codes. See *Putnam* v. *Putnam,* 86 Mont. 135, 282 Pac. 855; *Wolz* v. *Wolz,* 110 Mont. 458, 102 Pac. (2d) 22.)

While the specifications of error covering the second point do not include one specifically directed to the question of the sufficiency of the evidence, from their general nature and the argument this is the question that apparently defendant is seeking to raise. The rule which guides this court in considering an appeal from a judgment for divorce is stated in *Williams* v. *Williams,* 85 Mont. 446, 278 Pac. 1009, 1010: "Whether the defending spouse has been guilty of extreme cruelty as defined by the statute is purely a question of fact to be determined from all the testimony presented. The particular acts of cruelty of which complaint is made are not in themselves determining factors, but the question is whether the acts of cruelty are of such a nature and character as to destroy the peace of mind and happiness of the injured party. * * * Where, as here, the evidence in a case tried before the court without a jury is in conflict, the court's decision is conclusive on appeal; the trial court being in a more advantageous position, in consequence of seeing and hearing the witnesses and observing their demeanor and manner

of testifying, to determine their credibility than this court upon a review of the cold record. * * * And in an action for divorce, as in other equity cases, the findings of the trial court will not be disturbed on appeal, unless the evidence decidedly preponderates against them.''.

No useful purpose could be served by a detailed recital in this opinion of the evidence, which amply supports the findings of the trial court. Suffice it to say that evidence was introduced by the plaintiff which sufficiently proved the allegations in his complaint as to the specific acts which constituted the cruelty upon which he relies in bringing this action.

Defendant cites cases from other jurisdictions which seem to lay down the rule that the plaintiff's testimony must be corroborated by other witnesses in a divorce action. In the states from which these decisions are taken there are statutory requirements to this effect. We have no such statute in Montana. If corroboration is necessary, it is amply supplied by the defendant's own testimony.

Finally, defendant urges that the trial court erred in denying her motion for a new trial. The motion was based on an allegation that the defendant was not ready when she was required to proceed with the trial of the cause, and upon the ground that she had newly discovered evidence in the case. The record shows, contrary to defendant's argument, that she made no objection to proceeding with trial when the matter was called.

The rule in this state is set out in *Ebaugh* v. *Burns,* 65 Mont. 15, 210 Pac. 892, 894, which must guide the court in determining when a motion for new trial should be granted. In that case we said: ''The courts have therefore formulated rules within which they hold the particular application must be brought, or it will not avail. They are enumerated in *Berry* v. *State,* 10 Ga. 511, substantially as follows: '(1) That the evidence must have come to the knowledge of the applicant since the trial; (2) that it was not through want of diligence that it was not discovered earlier; (3) that it is so material that it would probably produce a different result upon another trial; (4) that it is not cumulative

merely—that is, does not speak as to facts in relation to which there was evidence at the trial; (5) that the application must be supported by the affidavit of the witness whose evidence is alleged to have been newly discovered, or its absence accounted for; and (6) that the evidence must not be such as will only tend to impeach the character or credit of a witness.' These rules have been uniformly followed by this court.'' (Citing cases.)

The trial court has a wide discretion in determining whether or [7, 8] not the affidavits sufficiently support the motion, and warrant the granting of a new trial. The substance of what is said in the affidavits in support of the motion for a new trial is not that the evidence was not available upon the first trial, but that it was not properly correlated, checked and studied so as to put it in usable form. The principal witness upon whom the defendant apparently relied to testify as to this so-called newly discovered evidence shows by his affidavit that the acts which he claimed to be able to testify to he had observed several months prior to the time of the trial of the cause. He was present in the court room at the time of the hearing and was paid witness fees. It can hardly be said under these circumstances that this is newly discovered evidence within the rule.

If we should grant here that technically the affidavits conform to the rule of the *Ebaugh case* above set out, they do not contain matters of such weight or such character as would indicate that the evidence adducible under the allegations contained within the affidavits would bring a different result if the case were retried, and we cannot say that the district court abused its discretion in denying the motion.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANDERSON, MORRIS and ADAIR concur.