FRANCES B. SHUEY, Plaintiff and Respondent, *v.* BERT
R. SHUEY, Defendant and Appellant.
No. 9528.
Submitted May 17, 1955.   Decided December 8, 1955
290 Pac. (2d) 1100.

Stanley M. Doyle, Polson, for appellant.
A. S. Ainsworth, Thompson Falls, for respondent.

Cause submitted on briefs for respondent. Mr. Doyle argued orally.

MR. CHIEF JUSTICE ADAIR:

From a final decree awarding the wife, Frances B. Shuey, an absolute divorce, custody of the three minor children of the parties and $125 per month for the support of herself and said children, the husband, Bert R. Shuey, has appealed.

December 1, 1946, at Libby, Montana, the parties intermarried. Each had been previously wed. By his former marriage the husband had two daughters, namely, Edith Marie Shuey and Mrs. Jane Shuey Brown. By her former marriage the wife had a daughter, Judith, aged five years at the time her mother married Mr. Shuey.

Three children were born as issue of the December 1, 1946, marriage, namely: Steven Leroy Shuey, Paul Allen Shuey and Evelyn May Shuey. The husband, the wife and their minor children resided and made their home upon a tract comprising 1,500 acres of land in Sanders County, Montana, owned and operated by the husband and situate approximately three miles distant from Trout Creek, Montana.

*Divorce Case No. 3097.* In August 1952 the wife, Frances B. Shuey, as plaintiff, filed in the district court of Sanders County, Montana, an action for divorce against her husband, Bert R. Shuey, defendant, being Cause No. 3097, charging extreme cruelty. Upon the filing of her suit the wife and her children left their Trout Creek home and took up their abode at Thompson Falls, the county seat.

Shortly thereafter the husband's daughter, Mrs. Brown, accompanied by her husband Lee E. Brown, journeyed from their then home at Kalispell, Montana, to Thompson Falls and prevailed upon plaintiff to return to her husband's ranch following which her divorce suit, No. 3097, was dismissed by the voluntary action of both parties.

Almost two years later, to-wit, on July 21, 1954, plaintiff Frances B. Shuey, accompanied by the couple's three children,

then aged seven years, six years and four and one-half years and also by her daughter Judith, then aged twelve years, again left their Trout Creek home and returned to Thompson Falls where plaintiff rented a one-room, unfurnished tourist cabin at $35 per month where she and her four minor children have since lived.

*Divorce Case No. 3239.* On the following day, July 22, 1954, the plaintiff Frances B. Shuey filed in the district court of Sanders County her instant suit for divorce, being cause No. 3239, wherein she charged extreme cruelty and sought dissolution of the marriage, custody of the children, costs, attorney's fees and a division of their property or in lieu thereof a proper award for the support of herself and the children of the marriage.

On August 2, 1954, the defendant, through his counsel, interposed a demurrer to plaintiff's complaint. Eight days later to-wit, on August 10, 1954, defendant's counsel withdrew his demurrer to the complaint and on motion was granted fifteen days additional time within which to file defendant's answer. Also on August 10th, the trial court, after first hearing the testimony of both the plaintiff and the defendant, ordered that the defendant pay to the clerk of court temporary support money in a fixed amount,—that defendant pay $50 on account of plaintiff's attorney's fees and that the cause be set for trial on the merits for August 24, 1954.

On August 24, 1954, the day so set for the trial, defendant's counsel interposed a motion for a continuance at which time defendant agreed to pay on a day certain a stipulated sum as temporary support money and a further sum on account of plaintiff's attorney fees whereupon the trial court granted defendant's motion for a continuance and reset the cause for trial on the merits for September 14, 1954.

On September 14, 1954, a further continuance was granted and the cause reset for trial for October 11, 1954.

On October 11, 1954, counsel for the respective parties again appeared before the court and after each had announced that

552

he was ready for trial, defendant's counsel then interposed a motion for leave to amend defendant's answer. This motion the trial court granted allowing defendant additional time within which to make his proposed amendment and ordering that the trial be had on October 26, 1954.

On October 14, 1954, defendant filed an "Amended Answer and Cross-Complaint." The amended answer first places in issue the allegations of cruelty made against defendant and next, in what is termed a further separate first defense, alleges that after the dates mentioned in plaintiff's complaint and prior to the commencement of the instant action the plaintiff, being informed thereof, freely condoned the alleged acts of cruel treatment and conduct of which she now complains, forgave defendant, freely cohabited with him and that ever since such alleged condonation defendant has been a faithful husband who has treated plaintiff with conjugal kindness. Next by cross-complaint, defendant, upon information and belief, charges plaintiff with misconduct which he alleges he "is informed and believes" occurred on or about December 5, 1951, being prior to the commencement of plaintiff's first suit for divorce, and prays for a judgment (1) forever dissolving the marriage,— (2) awarding him the exclusive care, custody and control of the three minor children of the marriage but (3) according to their mother all rights of reasonable visitation.

On October 18, 1954, plaintiff replied to defendant's amended answer and cross-complaint, placing in issue the allegations thereof including the charges so made against her on information and belief.

On October 26, 1954, the cause was tried to the court sitting without a jury. At such trial the plaintiff Frances B. Shuey,— her daughter Judith and a neighbor, F. W. Bushell, testified on plaintiff's behalf, and the defendant Bert R. Shuey,—his daughter, Mrs. Jane Brown, and his son-in-law, Lee E. Brown, gave testimony on behalf of the defendant and cross complainant.

Much of the material testimony adduced from the witnesses

testifying for the husband is in conflict with the testimony given by the witnesses who testified on behalf of the wife but after hearing and considering all the evidence submitted the trial court, on October 30, 1954, made and filed written findings of fact, conclusions of law and judgment in favor of the wife and against the husband.

The judgment (1) ordered the dismissal of the husband's cross-complaint without relief,—(2) granted the wife an absolute divorce and the absolute care, custody, and control of the three minor children of the marriage with the right in the father to visit and see them at reasonable times and places, (3) awarded to the mother the sum of $125 per month for the support of herself and children and (4) awarded the wife her costs and disbursements in the action.

On this appeal the appellant husband contends that it was error for the trial court to find that his wife's complaint stated a cause of action against him. In six separately numbered paragraphs the wife, in her complaint, has set forth the ultimate facts constituting her cause of action in ordinary and concise language. In the prayer thereto she has set forth her demand for the relief which she claimed and which the trial court has granted. In our opinion the wife's complaint fully meets all the requirements of the provisions of R.C.M. 1947, section 93-3202, and adequately states a cause of action.

The appellant also urged that it was error for the trial court (a) to grant the mother the custody of the three children then aged but four and a half, six and seven years, (b) to award the mother $125 per month to support herself and her three offspring, and (c) to grant her a divorce. However the trial court made a finding, "That the plaintiff has no money or property of her own, and she needs enough for the proper care and support of herself and the children, and an absolute minimum of her requirements would be the sum of $125.00 per month." There is ample evidence to sustain such finding.

The trial court found that the plaintiff has been a very careful and proper mother to these children,—that love and

554

affection exists between them,—that these children are of tender years and need the care, protection and love of their mother, and that they should be allowed to remain with her regardless of the differences between plaintiff and the defendant. The evidence amply sustains this finding. The best interests and welfare of the infant children require that they be left in the care and custody of their mother and that their father be required to contribute to their care, support and education.

The appellant father further argues that it was error for the ██ ██ trial court to dismiss his cross-complaint and to refuse to grant him a decree of divorce thereon. The testimony introduced by the defendant husband in his attempt to prove the charges made in his cross-complaint is most unsatisfactory and much of it is not only conflicting but disgustingly vulgar and obscene as well. The learned and experienced trial judge heard this testimony and observed the admittedly immoral witness for the defendant as he publicly gave his brazen recital at the trial and we are not inclined to disturb the trial court's findings on this phase of the case.

"In cases such as this the findings of the trial court will not be disturbed where the record contains substantial evidence upon which they may be sustained." Walker v. Mink, 117 Mont. 351, at page 363, 158 Pac. (2d) 630, at page 636.

As was said by this court in Casey v. Northern Pac. Ry. Co., 60 Mont. 56, at page 68, 198 Pac. 141, at page 145, "The credulity of courts is not to be deemed commensurate with the facility or vehemence with which a witness swears. 'It is a wild conceit that any court of justice is bound by mere swearing. It is swearing creditably that is to conclude its judgment.' The Odin, 1 Rob. Adm. 248; * * *."

Finding no prejudicial error the judgment of the district court is affirmed.

MR. JUSTICES ANGSTMAN, ANDERSON, and BOTTOMLY, concur.

MR. JUSTICE DAVIS:

I dissent. I would reverse the judgment of the trial court and remand with directions to enter judgment against the plaintiff on the merits of her complaint and against the defendant on the merits of his cross complaint. To either party I would deny costs both in this court and below.

As I read this record no court by its judgment should stand sponsor for either the husband or the wife, who have here brought to court a story of marital discord which in my opinion shows the one as blameworthy as the other.

From the evidence for the wife, which in large part is made up of meaningless conclusions and abounds in ambiguities, I can squeeze, however, enough facts to sustain the trial court's finding, in effect that the husband has been guilty of extreme cruelty as the wife charges. That I would make a different finding upon this evidence is not material within the rule of Kerrigan v. Kerrigan, 115 Mont. 136, 143, 144, 139 Pac. (2d) 533; Williams v. Williams, 85 Mont. 446, 449, 450, 278 Pac. 1009, and like decisions by which I must measure this record.

From the evidence for the husband on the other hand I find that the allegations of his cross complaint against the wife, upon which he in his turn asks a divorce, are sustained by all the credible and competent evidence to the point in the record, are in effect admitted by the wife in the course of her testimony, and are in substance established as an ultimate fact in the case by the trial judge in his findings. Indeed, it is here in weighing the evasive and to me unsatisfactory testimony of the wife that the principle, to which the majority turns in its opinion, of Casey v. Northern Pac. Ry. Co., 60 Mont. 56, 68, 198 Pac. 141, should be invoked. But the record does not require that I cite the Casey decision to sustain the conclusion I reach in ruling the husband's case. The evidence, as I see it, is all one-way upon both the issue of the wife's misconduct and the further question whether the husband condoned that misconduct by thereafter resuming marital relations.

The judge below found as a fact that the husband did condone the wife's offense. But this finding is wholly without support in the record as I read the evidence. Certainly in view of the admissions made by the wife when cross examined by the husband's counsel the clear preponderance of that evidence within the rule of the authorities I have cited is squarely against any finding that there was condonation here. That finding then upon our review consistent with R.C.M. 1947, section 93-216, should be accordingly set aside.

No purpose would be served nor would the reasons for my dissent be made plainer, were I to give in further detail by specific reference to the testimony the foundation upon which I rest my disagreement with the majority opinion. I shall add only that as the record is, and as I interpret it, each of the parties to this suit has made out a cause of divorce against the other, which under R.C.M. 1947, section 21-128, bars to each the relief prayed by complaint and cross complaint respectively. We are not justified then in disregarding the clear mandate of that statute, which vests us with no discretion in the circumstances of this appeal.