KATHLEEN M. HENNITY, Plaintiff and Appellant, v.
FELIX HENNITY, Defendant and Respondent.

No. 10089.
Submitted May 4, 1960. Decided June 1, 1960.
352 Pac. (2d) 689.

W. G. Gilbert, Jr., Dillon, Lyman H. Bennett, Jr., Boze-
man, for appellant.

Lyman H. Bennett, Jr.. argued orally for appellant.

McFadden & Davis, Dillon, for respondent.

Theodore F. McFadden and Frank M. Davis, argued orally
for respondent.

MR. CHIEF JUSTICE HARRISON delivered the Opinion of the Court.

This is an action for separate maintenance brought on June 11, 1957, by plaintiff, Kathleen Hennity, against her husband, Felix Hennity, on the grounds of willful neglect, extreme cruelty and desertion. Defendant filed answer and cross-complaint on December 19, 1957, seeking an absolute divorce on the grounds of extreme cruelty by a course of conduct causing grievous mental suffering. Bills of particulars were produced by both parties pursuant to court order.

The district court, in its judgment, dismissed plaintiff's complaint and granted defendant an absolute divorce. From this judgment, plaintiff appeals.

Plaintiff contends on this appeal that the district court erred in denying her separate maintenance, and that defendant failed to prove that she had inflicted grievous mental suffering by a course of conduct existing and persisted in by her for a period of more than one year prior to the commencement of the action.

[1] As to the first point, the district court found that plaintiff had failed to prove the allegations of her complaint and was not entitled to separate maintenance. From an examination of the record it is apparent that the evidence was in conflict. It would serve no purpose to set forth that evidence here. There is substantial evidence to support the judgment.

As to plaintiff's second contention: The parties had intermarried on September 22, 1956, and as was noted earlier, plaintiff filed her complaint on June 11, 1957. Defendant filed his answer and cross-complaint on December 19, 1957. Plaintiff claims that there could be no proof of extreme cruelty on the part of plaintiff for one year preceding the commencement of the action, as required by section 21-106, R.C.M.1947, because the parties had been married for approximately only

nine months when plaintiff brought the action in June 1957. Section 21-106, in part, provides:

"Extreme cruelty is any one of the following acts: * * *

"(4) The infliction of grievous mental suffering upon the other by one party to the marriage, by a course of conduct towards or treatment of one party to the marriage by the other, existing and persisted in for a period of one (1) year before the commencement of the action for divorce, which justly and reasonably is of such a nature and character as to destroy the peace of mind and happiness of the injured party, or entirely to defeat the proper and legitimate objects of marriage, or to render the continuance of the marriage relation between the parties perpetually unreasonable or intolerable to the injured party. * * * *"

The words "before the commencement of the action for divorce" cannot be construed as contended for by plaintiff and do not refer to the action commenced on June 11, 1957, for separate maintenance by plaintiff less than one year after the marriage, but refer to the action for divorce commenced by the filing by defendant of his cross-complaint for divorce on December 19, 1957. As was said in Cooper v. Cooper, 92 Mont. 57, 66, 10 P.2d 939, 941: "The cross-complaint is in effect a complaint in an independent action to which plaintiff in this instance made an appearance by her reply."

Defendant alleged acts of extreme cruelty persisted in for the statutory time of one year preceding the commencement of the cross-action, being December 19, 1957, fifteen months after the marriage.

Plaintiff contends further that the only evidence in the record of cruelty on the part of plaintiff covers the period from the date of the marriage, September 22, 1956, to February 19, 1957, when defendant ordered plaintiff to leave his ranch, and therefore the court erred in granting defendant a divorce

since conduct causing mental suffering must persist for one year before it is sufficient under section 21-106 to be a valid ground for divorce.

In his bill of particulars, defendant spelled out the particular acts of plaintiff which allegedly caused him grievous mental suffering between September 22, 1956, and February 19, 1957. He also set out therein that plaintiff had filed suit against him for separate maintenance, charging him with acts of misconduct, including exhibiting affection for his ranch cook, which allegations he stated were not true; that plaintiff did not withdraw any of her accusations and has continued to assert their truth since the filing of her complaint.

Defendant argues that the maintenance of the suit by plaintiff and the assertion of false charges of misconduct in her complaint and bill of particulars constitutes acts of cruelty.

In Williams v. Williams, 85 Mont. 446, 449, 278 P. 1009, 1010, it is said:

"Each case must be determined upon its own peculiar facts, and it is well-recognized by the authorities that an inclusive and exclusive definition of legal cruelty cannot be given. The courts have not attempted so to do, but generally are content with a determination as to whether the facts in the case considered constitute extreme cruelty."

 In this case, it is our opinion that the maintenance by plaintiff of the accusations, of misconduct determined to be unproved, and the maintenance of the separate maintenance suit, with no offer of reconciliation, along with the other acts of cruelty proved to have existed, was conduct of such a nature as "to defeat the proper and legitimate objects of marriage" and "to render the continuance of the marriage relation between the parties perpetually unreasonable or intolerable" within the meaning of section 21-106, and which were persisted in for one year preceding the commencement of the action. That the making of unfounded accusations of misconduct may constitute cruelty and a ground for divorce see Putnam v. Putnam, 86

Mont. 135, 139, 282 P. 855; Maley v. Maley, 18 Wash.2d 766, 140 P.2d 262, 265.

For the reasons stated, the judgment is affirmed.

MR. JUSTICES BOTTOMLY, ADAIR, ANGSTMAN, and CASTLES concur.