RAND, APPELLANT, *v.* KIPP ET AL., RESPONDENTS.

(No. 1,463.)

(Submitted May 7, 1902. Decided July 28, 1902.)

*New Trial — Newly Discovered Evidence — Due Diligence— Surprise—Appeal.*

1.   Where the evidence was conflicting, and the trial court, in mak'ng an order for a new trial, excluded from its consideration the question of its insufficiency, such conclusion will be accepted without a re-examination on appeal.
2.   Where defendant's affidavits in support of a motion for a new trial for newly discovered evidence in a suit for a balance of account merely stated that due diligence had been used, and it appeared that an inquiry of his codefendent, or an examination of the firm books in his possession, which he said he could not find till after the trial, would have apprised him of all the facts alleged to have been discovered, the motion should have been denied, though the evidence itself was material.
3.   Where the only evidence of surprise was that defendant did not expect a witness to testify as he did, and the evidence with which he proposed to rebut this witness could have been obtained by due diligence, the motion for a new trial should have been denied.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by Robert N. Rand against Louis Kipp and Henry Kipp, co-partners doing business as Kipp Brothers. Judgment for plaintiff, and from an order granting defendants' motion for a new trial, plaintiff appeals. Reversed.

*Messrs. McHatton & Cotter,* for Appellant.

*Messrs. Campbell & Parr,* for Respondents.

Surprise at the testimony of a witness is not ground for a new trial unless it can be shown that such testimony was not true, or that the evidence to be produced on another trial is such as will probably secure a different result. (*People* v. *Jocelyn,* 29 Cal. 562; *Chartery's Estate,* 56 Cal. 470; *Delmas* v. *Martin,* 39 Cal. 555; *Mehan* v. *Chicago, etc. R. Co.,* 55 Iowa, 305; *Mayfield* v. *State,* 44 Tex. 59; *Hull* v. *Minneapolis St. R. Co.,* 64 Minn. 402; *Stellwagen* v. *Life Ass'n of America,* 14 Blatchf. (U. S.) 349; *Allen* v. *Young,* 6 T. B. Mon. (Ky.) 136; *De-Florez* v. *Raynolds,* 16 Blatchf. (U. S.) 397; *Andrist* v. *Union Pac. Ry. Co.,* 30 Fed. Rep. 345.) The object of a bill of particulars is to prevent surprise on the trial. (*Drake* v. *Thayer,* 5 Robt. (N. Y.) 694; 3 Ency. P. & P. p. 519.) They have not shown by affidavit or otherwise, which it was their privilege to do, upon the hearing of the motion for a new trial, that the facts set forth in the above affidavits are not true.

The general principle is, if the unsuccessful party after the trial of the case, finds new evidence of such character as to convince the court that an injustice has been done, and that a new trial will change the result, he is entitled to a new trial. (*Weak* v. *Calloway,* 7 Price, 677; *Moore* v. *Coats,* 35 Ohio St. 177; *Leyson* v. *Davis,* 17 Mont. 220.) It is only necessary for respondent to show that the judgment is unjust and that he has a good defense to the action or a portion thereof, in order that courts will grant a new trial. (*Hinman* v. *Hamilton Paper Co.,* 53 Wis. 169; *Blain* v. *Shaffner,* 37 Ill. App. 394; *Hull* v. *Vining,* 17 Wash. 352; *Chinn* v. *Taylor,* 64 Tex. 385; *Buford* v. *Bostick,* 50 Tex. 371; *Stillwagon* v. *Life Ass'n of America,* 14

Blatchf. (U. S.) 349.) It is more important that justice be done than that progress be made on the calendar. (*Blain* v. *Shaffner,* 37 Ill. App. 384; *Waugh* v. *Suter,* 3 Ill. App. 275; *Souerby* v. *Fisher,* 62 Ill. 135; *Mason* v. *McNamara,* 57 Ill. 274.)

As to what constitutes ordinary prudence, no rules can be laid down as universally applicable, nor is it necessary to lay down any rule upon the subject as applying. (*Guy* v. *Hanley,* 21 Cal. 397.) It is difficult if not impracticable to lay down any precise rule upon the subject of new trials; they must depend so much upon the nature of the controversy, and the whole complexion of the cause, that no general rule can be laid down without having so many exceptions that it would rather embarass than facilitate the administration of justice. (*Brevard* v. *Graham,* 2 Bibb. (Ky.) 177.)

A decision of the lower court is usually sustained unless the abuse of discretion is manifest. It is well said that as a general rule a trial judge is more capable of correctly deciding whether the surprise alleged is induced by oversight, inattention or forgetfulness than a reviewing court. Many matters transpire in the conduct of a case in the court room which it is almost impossible to present in detail to another tribunal, and of all of which the trial judge is necessarily observant. (*Green* v. *Bulkley,* 23 Kan. 130.) And is now a ground in civil and criminal cases in nearly all the states, especially of Montana. (See 1171, Subd. 4, Code of Civil Procedure.) A new trial for this cause will often promote justice and relieve a party from a verdict contrary to the real merits of the case. (14 Ency. Pleading & Pr., pages 791-796; *Leyson* v. *Davis,* 17 Mont. 220.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action by plaintiff to recover of the defendants, as copartners under the firm name of Kipp Bros., the sum of $485, alleged to be due upon a balance of account for beef cattle sold and delivered to defendants at their special instance and re-

quest, with interest from June 1, 1893, for vexatious and unreasonable delay of payment.

Defendant Louis Kipp suffered judgment by default. Defendant Henry Kipp answered, denying specifically all the averments of the complaint. There was a verdict for the plaintiff for the amount claimed, with interest, and judgment was entered accordingly. The defendant applied for a new trial, basing his motion upon newly discovered evidence, surprise, insufficiency of the evidence to justify the verdict, and errors of law at the trial, and exceptions thereto duly reserved. The court granted the motion, basing the order expressly upon the grounds of newly discovered evidence and surprise. Plaintiff has appealed.

As the court, in making the order, excluded from its consideration the question of the insufficiency of the evidence to justify the verdict, thus impliedly refusing to grant a new trial on that ground; and as it appears that there is a substantial conflict in the evidence, and that it was therefore not incumbent upon the court, in the exercise of its discretion, to grant the motion on that ground, we shall accept the conclusion of the court thereon, and not undertake to re-examine the evidence. (*Menard* v. *Montana Central Railway Co.,* 22 Mont. 345, 56 Pac. 592; *Kauffman* v. *Maier,* 94 Cal. 269, 29 Pac. 481, 18 L. R. A. 124.)

Of the two errors of law assigned, it is sufficient to say that they are wholly without merit, and furnish no justification for the order.

We shall not undertake to set out and analyze the affidavits presented to show newly discovered evidence and surprise. They have reference to certain entries upon the books of the firm of Kipp Bros. in 1892, which were made by the bookkeeper employed by them at that time. The defendant claims that these entries show conclusively that the principal item in the account in action was canceled in 1892. Conceding that the evidence is material, and that it meets all the other requirements necessary to make it sufficient to move the discretion of the court to grant a retrial of the issues in the case, the affidavits show that by the

exercise of due diligence in the use of the means of knowledge in possession of the defendant the evidence could easily have been produced at the trial. True, the plaintiff states the contrary, by way of conclusion; but it is apparent that seasonable inquiry of his codefendant, or an examination of the books used in the business, and showing the transactions between the plaintiff and the firm during several years, would have put him in possession of all the facts now alleged to have been discovered since the trial. Furthermore, the suit is for a balance of account, and, though the defendant had ample notice of this fact, and that a proper presentation of his defense would require an examination of the firm books, he does not pretend to have made an attempt to obtain them prior to the trial; nor does he state any fact to show that they could not have been had at any time he desired them. He contents himself by stating that he did not know where they were, and could not find them until after the trial. So far as the record shows, the books were in his possession, and he did not consult or produce them because he did not think they would be of material assistance.

Courts act cautiously upon such applications, and in order to obtain relief the moving party is bound to rebut the presumption that the verdict is correct, and to make out a *prima facie* showing that he exercised due diligence in the preparation of his case. (14 Enc. Pl. & Prac. 790, 791.)

The same rule applies with equal force to the ground of surprise. The matter of surprise is alleged to have been the testimony of Louis Kipp, who dealt with the plaintiff in the transactions in controversy. He testified that he purchased a large part of the cattle in 1892, and that the firm had not been dissolved in December, 1893, as was claimed by the defendant. The defendant says in his affidavit that he could not rebut this testimony at the trial, and therefore allowed the hearing to proceed to the end. The record does not reveal a suggestion of surprise, or that the defendant sought a continuance in order to enable him to meet the testimony so given. The only evidence presented upon this point is that he did not expect his brother to testify as he did, and the evidence with which he proposed to

rebut the testimony so given is the same as that which is alleged to have been discovered since the trial. This, as we have already pointed out, could have been used, had reasonable diligence been employed to procure it.

It was therefore an abuse of discretion in the trial court to vacate the finding of the jury, and to allow a re-examination of the issues upon the showing made. Let the order be reversed at the costs of respondent.

*Reversed and remanded.*