MITCHELL v. LELAND CO. et al.*

(Circuit Court of Appeals, Ninth Circuit. November 19, 1917.)

No. 2932.

1. EXECUTION ⊂⊃29—CORPORATE STOCK—STATUTE.

Rem. & Bal. Code Wash. § 3693, declares that corporate stock shall be deemed personal property, that no transfers shall be valid, except between the parties, until the same shall have been entered on the books of the company in a manner designated. Section 518 declares that all property, real and personal, shall be liable to execution; while section 578 provides that property shall be levied on in like manner and with like effect as similar property is attached. Section 659 declares that personal property capable of manual delivery shall be attached by taking into custody, and corporate stock or shares by leaving with the president or other head of the corporation a copy of the writ, and a notice stating that such stock is attached. *Held*, that such statutes are applicable only to local corporations, and do not provide any means for reaching shares of stock in foreign corporations.

2. EXECUTION ⊂⊃29—CORPORATE STOCK.

Certificates of stock in a foreign corporation are personal property within the above statutes on execution and attachment, and if physically within the state may be levied upon and sold pursuant to such statutes.

3. CORPORATIONS ⊂⊃133—TRANSFER OF STOCK—COMPELLING REGISTRATION—CLEAN HANDS.

Defendant, a resident of Montana and the owner of corporate stock, having disposed of it to M., entered into a contract providing for the return of the stock. While defendant and M. were closing up their settlement, and after M. had delivered to defendant the certificate, he snatched the certificate from defendant, and thereafter assured defendant it had been lost. M. assigned the contract with defendant to his brother, who instituted suit thereon in the state of Washington. Judgment was assigned to another and the certificate of stock was sold under execution, being bought in by plaintiff for the benefit of the assignee of the judgment. After the sale M. assigned his interest in the certificate to the assignee of the judgment. It did not appear in whose possession was the certificate of stock when levied upon by the sheriff. *Held*, in view of the fact that the certificate could have been attached only by garnishment proceedings, if in the hands of any one other than the judgment creditor, that the levy did

not disclose in whose hands was the certificate, and that M.'s assignment of his interest to the assignee of the judgment came after the sale, the pretended sale must be treated as part of a scheme to divest defendant of his ownership in the stock, and plaintiff, not coming with clean hands, is not entitled to the aid of equity to compel registration of his certificate.

4. EQUITY ⊜65(1)—MAXIMS.
     To obtain equitable relief, one must come into court with clean hands.

Appeal from the District Court of the United States for the District of Montana; Geo. M. Bourquin, Judge.

Action by Walter B. Mitchell against the Leland Company, a corporation, and others. From a decree for defendants, plaintiff appeals. Affirmed.

This case was tried in the court below as an equitable action. The simple facts are these: S. O. Leland was, on March 6, 1912, the owner of 50 shares of the capital stock of the Leland Company, a Montana corporation, having its principal place of business at Gardiner, Mont., evidenced by certificate of stock No. 1 of the corporation. On that day Leland transferred the stock to one E. C. Murphy, by executing an assignment indorsed on the back of the certificate, in exchange for some real and personal property. Thereafter, on May 1, 1912, Leland and Murphy entered into a written contract for the full adjustment and settlement of all differences between them, whereby Murphy agreed to transfer and deliver to Leland a certain piano for $100, also the 50 shares of stock, and Leland agreed to convey to Murphy by quitclaim certain real estate, being the same as formerly conveyed by Murphy to Leland for the stock in the first instance, and each covenanted to release the other from all claims of every kind and nature, and acknowledged full satisfaction of all such claims. Subsequently this contract was assigned to one John E. Murphy, and action was instituted by him against Leland and wife upon the contract, in the superior court of the state of Washington for Spokane county, evidently to recover the $100, the stipulated consideration for the piano, for it was alleged that the contract had been carried out, except the payment of said $100. The case went by default, and a judgment was made and rendered against the defendants in that action for $105.50 and costs. The judgment was assigned to one A. Coolin, and execution issued. The sheriff's return shows that he levied on certificate No. 1 for 50 shares of the capital stock of the Leland Company, and noticed the same for sale, and sold it to A. Coolin, and gave the purchaser a certificate of sale.

Walter B. Mitchell, the plaintiff and appellant herein, claiming to be the owner and holder of the stock, acquired from Coolin, instituted the present action against the Leland Company to require the company to transfer the stock to plaintiff on its books. The complaint was amended so as to sound in conversion. The amended complaint was eventually ignored by all parties and the court, and the trial proceeded as in equity upon the original complaint. Leland testified touching the execution of the contract as follows: "That he had completed his contract with Murphy, deeded certain realty to Murphy and delivered Murphy a check for $100. Thereupon Murphy delivered the share certificate in question to him without any written assignment. Immediately however, Murphy demanded other money from me, and, upon my refusing to pay, Murphy wrested the share certificate from my hands, and thereafter, on my repeated demand for it, he assured me that it was lost." Mitchell, testifying in his own behalf, produced the certificate, and related that it was delivered to him at the sale of the same conducted by the sheriff, as he bid in the stock in the name of Coolin.

Walter B. Mitchell, of Spokane, Wash., in pro. per.
Fred L. Gibson, of Livingston, Mont., and C. B. Nolan, of Helena, Mont., for appellees.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge (after stating the facts as above). The plaintiff claims title to the stock, which he avers he acquired through sheriff's sale on execution issued in the case instituted in the Washington state court. Whether he has a good title depends upon two things, namely, the regularity of the alleged levy and the good faith exercised in closing the contract between Leland and E. C. Murphy whereby the stock was to be restored to Leland in exchange for certain real estate which Leland was to reconvey to Murphy.

[1] It is earnestly insisted by plaintiff that the certificate of stock is personal property within the purview of the laws of the state of Washington, and that it was subject to levy and sale under execution, although the certificate was physically within a state other than that in which the corporation issuing the stock was organized and had its principal place of business. It is declared by the statutes of Washington (chapter on Corporations and Organization Thereof) that the stock of the company shall be deemed personal estate, but that no transfer thereof shall be valid, except between the parties thereto, until the same shall have been entered upon the books of the company in a manner designated. Section 3693 (4261) Rem. & Bal. Ann. Codes and Statutes of Washington. All property, real and personal, is made liable to execution (section 518 [5200]), and it is provided that:

"Property shall be levied on in like manner and with like effect as similar property is attached." Section 578 (5269), Id.

It is further provided that personal property capable of manual delivery shall be attached by taking into custody, and stock or shares, or interest in stock or shares, of any corporation, by leaving with the president or other head of the same, etc., a copy of the writ, and a notice stating that the stock or interest of the defendant is attached in pursuance of such writ. Section 659 (5362), Id. Garnishment is provided for, the proceeding for which is practically through an auxiliary action against the garnishee. Section 680 (5390) et seq.

It is hardly necessary to observe that the regulations relating to corporate stock, and the manner of its levy and sale on execution, are local to the state, and have no reference to corporate stock generally. "We," says the Supreme Court of Washington, "have no law authorizing the sale of the stock of a foreign corporation." Daniel v. Gold Hill Mining Co., 28 Wash. 411, 426, 68 Pac. 884, 890. The court was there speaking of a sale on execution. In the same case a broader assertion is made by the court, as follows:

"Stock in a corporation cannot be seized on execution and sold unless authorized by an express statute, and, where such sale is authorized, the authority extends only to the stock of corporations existing in that state, and not to that of corporations in other states."

[2] This would seem to preclude plaintiff's contention, but he argues that certificates of stock may nevertheless be subject to levy and sale. Some authorities elsewhere support his view. See Simpson v. Jersey City Contracting Co., 165 N. Y. 193, 58 N. E. 896, 55 L. R. A. 796;

Puget Sound Nat. Bk. of Everett v. Mather et al., 60 Minn. 362, 62 N. W. 396. By these cases garnishment of certificates of stock in the hands of pledgees was upheld, and the basis of the holding is the affirmation that certificates of stock are personal property, and that they are so treated in business relations and by common acceptation, as well as in the eye of the law; that they are sold in the market, are transferred as collateral security, and are used in various ways as property; they pass by delivery from hand to hand, and are the subject of larceny. The contrary doctrine is concisely stated in Clark and Marshall on Private Corporations, § 378h, as follows:

"Shares of stock cannot be taken on execution or attachment by levying upon or seizing the certificate only, and a court can acquire no jurisdiction over stock by virtue of an attachment merely because the certificate of stock is within its jurisdiction."

We incline to the view that corporate stock is personal property within the intendment of the Washington statutes on execution and attachment, and is subject to levy and sale, if regularly and properly made and executed. This means that the certificates of stock must be physically within the state, and the levy and sale made in pursuance of the provisions of the local statutes dealing with the subject. If A., being in a state other than the residence of a corporation, has in his possession certificates of stock of such corporation belonging to B., and C. sues B. on a legitimate demand, there seems to be no good reason why C. may not garnishee the stock in the hands of A., under general statutes providing for the attachment by garnishment proceedings of personal property, unless inhibited by express declaration.

[3, 4] But that is not the present case. The evidence shows that, when Leland and E. C. Murphy were closing up their settlement, and after Murphy had delivered the certificate of stock to Leland and matters had been adjusted according to agreement, Murphy snatched the certificate away from Leland. Subsequently the contract between Leland and E. C. Murphy was assigned by the latter to John E. Murphy. This assignment was on June 20, 1912. The action by John E. Murphy against Leland and wife in the state court was filed April 8, 1913. Judgment was entered the same day. John E. Murphy assigned the judgment to A. Coolin April 30, 1913. Execution issued May 1, the supposed levy was made on the same day, and the pretended sale took place May 12, 1913. The record shows, further, that later, to wit, on May 21, 1913, E. C. Murphy assigned all his right, title, and interest in the certificate to A. Coolin.

The query is: Where was the certificate of stock at the time of the pretended levy? Presumably it was in the hands of Coolin, who was then the judgment creditor by assignment of the judgment; E. C. Murphy having, previous to the institution of the action, assigned the contract of John E. Murphy, which would carry all interest in the certificate with it. True, E. C. Murphy assigned to Coolin; but this assignment was after the alleged sale, and was only of his interest in the certificate. He pretended to Leland that the certificate was lost. Now, if the certificate was in the hands of a person other than the judgment creditor, it could be attached only through gar-

nishment process, and there is no pretense that it was so attached. The only other way that the sheriff could attach the certificate was by taking the same into his possession. The return declares that he levied upon it. But this is only a conclusion. It should have stated the manner of the levy. Mitchell says that the certificate was delivered to him at the sale, as he bid it in for Coolin. As to whether it was delivered to him by the sheriff, there is only a bare inference. If so delivered to him, the inquiry is: How and from whom did the sheriff get it? Did Coolin hand it to him?

It is unnecessary to pursue the discussion further. It is manifest, along with the manifold irregularities attending the pretended levy and sale, that the procedure adopted was devised for divesting Leland of the title to his stock, after Murphy had, by violence and trespass and without right, snatched the possession of it from him, and must be considered and held to be a part of a concerted attempt to despoil Leland of property rightfully his. Parties must not expect relief in equity, unless they come into court with clean hands.

Decree affirmed.