No. 13757

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

THEODORE C. KARTES,

             Plaintiff and Respondent,

    -vs-

DOROTHY A. KARTES, and
EMILY J. KARTES,

             Defendants and Appellants.

---

Appeal from:  District Court of the Eighteenth Judicial
             District,
             Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellants:

        Landoe, Gary and Planalp, Bozeman, Montana
        Hjalmar B. Landoe argued, Bozeman, Montana
        Gordon Carlson argued, Roseburg, Oregon

    For Respondent:

        Larry W. Moran argued, Bozeman, Montana

---

             Submitted:  September 22, 1977

             Decided:  DEC 30 1977

Filed:

_Thomas J. Kearney_
                  Clerk

Mr. Chief Justice Paul G. Hatfield delivered the Opinion of the Court.

This case involves an intra-family dispute regarding the ownership of real property located in Gallatin County, Montana. Plaintiff, Theodore C. Kartes, brought the principal action in the District Court, Gallatin County, asking a constructive trust be imposed upon the property for his benefit, and alleging a case of adverse possession, and by reason thereof, possession of the property. Following a non-jury trial, a judgment was entered for plaintiff. Defendants, Dorothy A. Kartes and Emily J. Kartes, appealed from this judgment. During the pendency of the appeal, defendants filed a petition seeking remand of the cause to the District Court to permit filing of a motion for new trial based on the ground of newly discovered evidence. All proceedings before this Court were stayed and the cause remanded to the District Court for the purpose of filing a motion for new trial based on newly discovered evidence. Defendants' motion for new trial was denied following a hearing in the District Court. From this order defendants raise a second appeal.

Defendants' two companion appeals, designated as Cause Nos. 13299, and 13757 respectively, and ensuing issues are combined for review. During oral argument of the second appeal, No. 13757, both parties argued the merits of the first appeal, No. 13299. Due to the subject matter covered, this Court deems any objection waived as to the reviewing and deciding of both appeals together.

The parties to this appeal are brother and sisters. The property in dispute was acquired in 1936 with legal title being placed in the name of Amanda L. Myers, mother of plaintiff and defendants. The theories, conclusions and evidence offered by both litigants were at all times diametrically opposed. Due to this conflict of evidence, the following findings of fact from the District Court are pertinent to this appeal:

> "That Plaintiff and Amanda L. Myers jointly agreed that although legal title to the property would be placed in the name of Amanda L. Myers, the property was nevertheless to be considered the separate property of Plaintiff, and Plaintiff would pay back the funds advanced by decedent, Amanda L. Myers, used in its purchase.
>
> " * * *

-2-

"That at the time Plaintiff entered the United States Navy in 1942, Plaintiff executed a Power of Attorney to Amanda L. Myers, giving her full power and authority to transact business in Plaintiff's name during the period he was in the service. Amanda L. Myers, while Plaintiff was in the service, through use of the Power of Attorney, acquired and used for her own purposes the approximate sum of $2,800.00, on deposit in Plaintiff's bank account. Use of such funds was in addition to sums theretofore, and thereafter paid Amanda L. Myers by Plaintiff.

"That at the time the Power of Attorney was executed by Plaintiff to decedent, Amanda L. Myers in Helena, Montana, in 1942, decedent, Amanda L. Myers, also executed and delivered a deed conveying the property described in Finding 1, to Plaintiff. Both the Power of Attorney and the deed were left in possession of decedent, Amanda L. Myers. That in 1946, Plaintiff was married, at which time he was expelled from the family home. All papers, documents, and other records belonging to the Plaintiff, including the deed and Power of Attorney, were retained by the decedent, Amanda L. Myers, or Defendant, Dorothy A. Kartes, with whom Plaintiff resided prior to marriage, and have since been misplaced or lost.

" * * *

"That on several occasions decedent, Amanda L. Myers made statements recognizing Plaintiff's ownership of the property described in Finding 1. One such statement was made in 1942, after return from Helena, Montana, when Plaintiff enlisted into the service, decedent, Amanda L. Myers, stating to her husband in the presence of Plaintiff's witness, Ray P. Myers, Jr., to the effect that she had signed a deed conveying the property to the Plaintiff. At about this same time another statement was made by decedent, Amanda L. Myers, to Plaintiff's witness, Donna Hoell, to the effect that Plaintiff had paid her more than she had due with respect to the real estate, and she had given Plaintiff a deed to the property. Subsequently, in 1946, decedent, Amanda L. Myers, stated to Plaintiff's witness, Kenneth Gee, to the effect that she would like to lease the property described in Finding 1 to him, but could not do so, and then took Mr. Gee to the Ryegate, Montana, area and offered to lease him certain property owned by her in that vicinity.

" * * *

"That the undated deed notarized on March 11, 1968, recorded August 4, 1972, and purportedly conveying the property described in Finding 1 to the Defendants, is a nullity and can be given no legal effect.

"That both Defendants stated during the course of the trial of this matter that their claimed ownership was based solely on the deed described in Finding 15, and on no other basis.

" * * *

"That at no time since 1936, and to date has any effort been made by decedent, Amanda L. Myers, and Defendants to legally remove Plaintiff from the premises described in Finding 1.; further, such persons have never demanded that he remove himself from the premises, without being legally forced to do so.

-3-

"That decedent, Amanda L. Myers, never personally advised the Plaintiff that she claimed ownership of the real property described in Finding 1, nor did said decedent ever personally advise Plaintiff that the agreement under which title was placed in her name was no longer recognized as valid and binding.

"That Amanda L. Myers died on April 20, 1973. Thereafter, an estate proceeding was opened in Oregon, which estate proceeding does not concern itself with title to the real property described in Finding 1."

The dispositive issue of defendants' first appeal is whether substantial credible evidence exists to support the District Court's findings of fact and conclusions of law. The issue of defendants' second appeal is whether the District Court's refusal to grant a motion for new trial, or in the alternative, a motion to admit newly discovered evidence was error. Defendants' second appeal will be resolved first before discussing the merits of the principal appeal.

The question of new trials on the ground of alleged "newly discovered" evidence is statutorily covered by Rules 59 and 60, M.R.Civ.P., and section 93-5603, R.C.M. 1947. The basic criteria for determining new trials on alleged "newly discovered" evidence is:

1. The substantial rights of the party moving for new trial must be materially affected.

2. The "newly discovered" evidence sought to be introduced must be material to the issue involved in the trial.

3. The "newly discovered" evidence must be such as could not have been discovered and produced at trial with the exercise of reasonable (or "due", per Rule 60, M.R.Civ.P.) diligence, or could not have been discovered by reasonable diligence in time to move for a new trial under Rule 59, M.R.Civ.P.

In addition to the statutes and procedural rules, Montana has a wealth of case law on the question of "newly discovered" evidence. This Court, in Kerrigan v. Kerrigan (1943), 115 Mont. 136, 144, 139 P.2d 533, placed the burden on the moving party to show:

1. The alleged "newly discovered" evidence came to his knowledge after the trial;

2. It was not a want of diligence which precluded its earlier discovery;

3. The materiality of the evidence is so great it would probably produce a different result on retrial; and,

4. The alleged "new evidence" is not merely cumulative, not tending only to impeach or discredit witnesses in the case.

Where the moving party in a motion for new trial on the ground of "newly discovered" evidence has had the books and documents in possession, from which he later "discovers" the "new evidence", the motion will be denied, even though the evidence itself may be material. Rand v. Kipp (1902), 27 Mont. 138, 142, 69 P. 714.

The burden rests on the defendants to show there was no want of diligence which precluded earlier discovery of the evidence. This burden was not met. The alleged "newly discovered" evidence, consisting of a letter, was at all times in the exclusive possession of the defendants. The defendants were ordered by the District Court to produce documents pursuant to Rule 34, M.R.Civ.P. Three times plaintiff filed motions concerning the production of evidence by the defendants, and one time the defendants filed a like motion. These motions indicate the defendants had every opportunity not only to voluntarily prepare their case, but were also constantly under court order to produce. Nevertheless, defendants were not diligent in their efforts to properly prepare for trial. The testimony at the hearing on the motion for new trial indicates neither defendant made a significant effort to go through the books, records and papers of which the alleged "newly discovered" evidence is a part.

The original issue of title and ownership of the ranch was contested at every stage by the continuous assertion of conflicting claims. The alleged "newly discovered" evidence presents nothing new to the positions of the parties and presents nothing so critically material as to reasonably require a different result on retrial. At best, the alleged "newly discovered" evidence is merely cumulative.

The findings of fact, conclusions of law and judgment entered by the District Court in the principal case specified several different legal findings and conclusions. Any of these alone would sustain judgment for the plaintiff. Defendants asserted during the trial of the principal case that their title and ownership was based solely upon a deed. The District Court found that no deed existed. The District Court also found in the principal case that the plaintiff possessed the property adversely for the required period of time. The alleged "newly discovered" evidence does not affect these two findings of the District Court.

The burden of rebutting legal presumptions of the correctness of the District Court's findings and conclusions, and to establish the relief requested by solid, commanding evidence, rests exclusively on the defendants. This burden was

not met. Defendants' second appeal, No. 13757, fails.

Having affirmed the District Court's denial of defendants' motion for a new trial, this Court now directs its attention to defendants' principal appeal. Defendants present numerous issues for review. The dispositive issue is whether substantial credible evidence exists to support the District Court's findings of fact and conclusions of law. The overall legal issue--ownership and title to the property-- was the subject of extensive testimony and introduction of exhibits by the litigants during the principal trial. At all times, the position of the respective parties was diametrically opposed. Plaintiff claimed ownership and title to the property under several theories, and defendants likewise claimed ownership and title to the property by a purported deed. The District Court resolved the issue of title and ownership after a careful review of all testimony and evidence received in the case. From the conflicting versions presented by plaintiff and defendants, the District Court chose to accept plaintiff's theories and ruled:

> "That in addition to being invalid and void as a breach of trust, the deed upon which Defendants assert and claim ownership (notarized March 11, 1968, recorded August 4, 1972) is invalid because it is not a genuine document, and does not contain the genuine signature of the decedent, Amanda L. Myers."

The District Court was afforded the opportunity of seeing the witnesses, hearing them testify, and thus was in the best position to understand and construe the testimony in light of all surrounding circumstances. Davis. v. Smith (1968), 152 Mont. 170, 176, 448 P.2d 133. This Court is permitted to review only the cold record according to the established procedure for appellate review. In Luppold v. Lewis (1977), _____Mont._____, 563 P.2d 538, 540, 34 St.Rep. 227, this Court stated:

> "When reviewing findings of fact and conclusions of law of a district court, sitting without a jury, this Court has repeatedly held such findings and conclusions will not be disturbed if supported by substantial evidence and by the law. (Citations omitted.) When reviewing evidence it will be viewed in the light most favorable to the prevailing party in the district court, and the credibility of witnesses and the weight assigned to their testimony is for the determination of the district court in a nonjury trial. * * * "

In adhering to the guidelines set forth in Luppold, This Court reviews the evidence existing to support the findings of fact and conclusions of law of the District Court.

-6-

Extensive testimony was given as to the validity of the signature on defendants' purported deed. Plaintiff produced a document examiner and handwriting expert who testified:

> "Q. Are you stating an opinion that the signature on this deed is a forgery? A. I feel it is, yes.
>
> "Q. You feel it is? A. Yes."

Defendants contradicted this testimony with their own document examiner and handwriting expert who testified:

> "Q. From the examinations that you have made here, have you formed a conclusion or an opinion as to whether the signature that appears on the deed document of 1968 is or is not a genuine signature of Amanda L. Myers? A. Yes; I have.
>
> "Q. What is your opinion? A. That the questioned deed signature of 1968 is a genuine signature by Amanda Myers."

Both litigants went to great lengths to discredit the testimony of the other party's expert. The District Court, after seeing the witnesses, and hearing their testimony in light of all the surrounding circumstances, chose to accept the plaintiff's evidence. This Court must accept the District Court's judgment on this point:

> "' * * * The credibility and weight given to witnesses, however, is not for this Court to determine. This is a primary function of a trial judge sitting without a jury; it is of special consequence where the evidence is conflicting. * * * '"

Miller v. Fox (1977), _____ Mont. _____, _____ P.2d _____, 34 St.Rep. 1367, 1370, quoting Hellickson v. Barrett Mobile Home Transport, Inc. (1973), 161 Mont. 455, 459, 507 P.2d 523. No purpose is served by setting forth additional testimony before the District Court. This Court does not choose to second guess the District Court in matters involving conflicts of testimony. The credibility of witnesses and the weight assigned to their testimony is solely for the determination of the District Court.

Additional evidence before the District Court to support its decision is:

1. Besides plaintiff's own testimony, plaintiff presented witness Kenneth Gee who stated the property had never been called anything but the "Ted Kartes" place;

2. Plaintiff's witness Donna Hoell stated the property had the reputation of being the "Ted Kartes" place;

3. Plaintiff's witness Ray Myers, Jr. stated the plaintiff's father tried to buy the "Ted Kartes" ranch from the plaintiff;

4. Defendant Dorothy Kartes, upon being called as an adverse witness, stated she recalled overhearing a verbal agreement between plaintiff and Amanda L. Myers concerning the property. Dorothy also stated that at one time, Amanda L. Myers wanted plaintiff to receive the property and that plaintiff could pay for it; and

5. Defendant Emily A. Kartes, upon being called as an adverse witness, admitted referring to the property as "Ted's beautiful ranch". During this examination as an adverse witness, Emily also stated that Amanda L. Myers had requested that Emily prepare the deed which defendants rely on to claim ownership of the property.

The function of this Court is not to determine which version or theory is more plausible. This Court must only determine that substantial evidence exists to support the findings of fact and conclusions of law of the District Court. Following a careful review of the District Court record, this Court finds sufficient evidence to support the findings of fact and conclusions of law of the District Court.

The judgment of the District Court is affirmed on both appeals, Nos. 13299 and 13757.

_____
Chief Justice


We Concur:

_____

_____



_____
Justices

-8-