No. 84-28

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

CARBON COUNTY, a political
subdivision of the State of
Montana,

        Plaintiff and Appellant,

-vs-

ALBERT G. SCHWEND, et al.,

        Defendants and Respondents.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Carbon,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hibbs, Sweeney, Colberg & Koessler; Jon E. Doak
argued, Billings, Montana

    For Respondents:

        Sandall & Cavan; Addison Sessions argued, Billings,
Montana  (Parker, Schwend)
Moulton, Bellingham, Longo & Mather, Billings,
Montana  (First Bank-Billings)
Gary L. Beiswanger, Billings, Montana (Burleson)
Peterson, Schofield & Leckie, Billings, Montana
Eugene & Ruth Tippets, pro se, Colstrip, Montana

---

Submitted: September 14, 1984

Decided: October 11, 1984

Filed: UCI i: 1984

*Ethel M. Harrison*

Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Carbon County filed a lawsuit in the Thirteenth Judicial District Court of Montana against Albert G. Schwend, et. al., in 1976, claiming a right-of-way over the Sage Creek Road. Judgment was entered May 2, 1977, determining, among other things, section three of Sage Creek Road not to be public.

On March 30, 1982, County filed an independent action in equity, pursuant to the last sentence of Rule 60(b), M.R.Civ.P., to reopen the 1977 judgment. County's complaint was based on newly discovered evidence that the Carbon County commissioners had, in 1912, dedicated section three of the Sage Creek Road in accordance with the statutory provisions for road dedication in effect in Montana at that time. Defendants Schwend, Parker and Reed filed a motion for judgment on the pleadings, to which County responded with a motion for summary judgment. Following a hearing, the trial judge issued an order on September 15, 1983, denying County's motion and finding that (1) reasonable diligence would have produced the "new evidence" in time for the 1976-77 lawsuit and (2) the "new evidence" would not have altered the results of the original trial. We affirm the order of the District Court.

Section three of Sage Creek Road is basically an undeveloped road located in the Pryor Mountains in the southeast corner of Carbon County between the southern boundary of the Crow Indian Reservation and the Wyoming state line. It crosses Forest Service land in numerous locations, as well as land owned by some of the defendants to this suit.

Carbon County began its efforts to have Sage Creek Road determined open and public in 1966. However, that lawsuit was dismissed for failure to prosecute in 1971. A private

2

attorney, William Jensen, was then hired by County in 1976 to pursue its claim that Sage Creek Road is a county road.

There are three ways by which a road may become open and public: common-law dedication by the private owners; adverse user or prescription; and statutory dedication by the county. In 1912, statutory dedication of public roads was controlled by sections 1340 and 1341, R.C.M. 1907 and sections 1390 through 1410, R.C.M. 1907. Those sections set forth the following requirements for the opening of a road:

1. A written petition, signed by any ten freeholders of a road district and requesting that the road be opened, must be presented to the county commissioners.

2. Three viewers must be appointed by the county commissioners to view the road. They must also present a report to the commission containing the estimated cost of the opening and their opinion as to whether or not the road should be opened.

3. A hearing on the viewer's report must be held by the county commission.

4. The county commission must declare by order that the road is to be public and open and that order must be recorded in the commission's minutes.

5. If the county commission orders a survey of the road, the county surveyor must survey and plat the road and record his notes with the county clerk.

6. The county commission must determine the appropriate compensation to be given the owners of the affected land and order payment of that compensation.

In preparation for the 1976-77 lawsuit, Jensen reviewed the Carbon County road index, the Carbon County road books and the Carbon County surveyor files. He also interviewed: Carbon County commissioners; Emery Lufkin, an original

3

homesteader in the area; and Craig Silvernale, a Forest Service lands specialist. Mr. Lufkin, now deceased, stated in a deposition that the road had never been a county road. No Forest Service records brought to Jensen's attention by Silvernale supported County's claim. In short, little or no evidence of Sage Creek Road becoming a county road by any of the three methods was found, and County lost its 1976-77 lawsuit.

In August 1981, Gary Wetzsteon, a Forest Service lands specialist who replaced Silvernale when he retired, informed Jensen that the Forest Service had discovered references to a 1912 county proceeding to dedicate the Sage Creek Road. In an affidavit, Wetzsteon stated that Mr. Eugene Tipperts brought him a 1912 map of Carbon County showing Sage Creek Road to be a county road and asked him to pursue an investigation to determine whether the Sage Creek Road was in fact statutorily dedicated as a county road. That map had been introduced by County as an exhibit in the 1976-77 trial.

The 1912 map contained the names of all settlers along the Sage Creek Road, so Wetzsteon reviewed all Forest Service documents concerning those homestead entries. The documents were in Seattle. Those files made specific reference to proceedings before the county commissioners concerning the Sage Creek Road during the summer and fall of 1912. Therefore, Wetzsteon had George Schaller review all records of proceedings of that commission for calendar year 1912. Mr. Schaller found a petition requesting that the road be dedicated, a viewers' report of the road and the following four entries in the commissions' minutes referring to the Sage Creek Road.

> June 10th, 1912 - "Road petition signed by Henry Spencer and others for road running up Sage Creek was examined and the following were named to view

4

said road; C.R. Beeler, John Brimmer and Chas. Lufkins."

June 26th, 1912 - "Viewers report on Sage Creek road was examined and the 25th day of June (sic - July) was the day set for hearing on said road."

July 25th, 1912 - "Hearing on viewers report on Sage Creek road was taken up and report approved and County Surveyor was instructed to survey and plat said road as a county road."

October 3rd, 1912 - "Government Supervisor Smith of this Division appeared before the Board and explained that he had at his disposal $1000 - a portion of the money distributed Montana from Forest Receive Sales; this money to be expended on improvement of roads in the Sage Creek country - he suggested that the County and Government unite on improving the Sage Creek Road -- an order was made by the Commissioners whereby Road Supervisor Beeler be authorized to do not to exceed $500.00 work on the said road.

"Surveyor was instructed to survey the said road & make an estimate of the work to be done thereon."

No survey or plat of the road was ever located.

On the basis of the information presented Jensen by Wetzsteon, County sought to reopen the 1977 judgment. The District Court refused to do so and County appeals. Numerous issues are raised. However, the only issues relevant to this decision are:

1. Did County carry the burden of showing that it exercised reasonable or due diligence in attempting to discover the "new evidence" prior to the 1976 lawsuit?

2. Would the "newly discovered evidence" have produced a different result in the 1976 trial?

A basic criteria for granting new trials on newly discovered evidence is that the newly discovered evidence could not have been discovered and produced at trial with the exercise of reasonable or due diligence. Kartes v. Kartes (1977), 175 Mont. 210, 214, 573 P.2d 191, 193. County contends that the exercise of reasonable and due diligence by its attorney prior to the 1976-77 lawsuit failed to produce

5

the necessary evidence for determining that the road had been statutorily dedicated.

Jensen reviewed the records in which County's clerk had a duty to record any reference to statutory dedication of a road, duly examined living witnesses most likely to have firsthand knowledge of such a statutory dedication and sought all relevant information from the Forest Service. However, despite the statutory mandates that roads may only be opened by order of the county commission and that such orders must be recorded in the commission's minutes, as well as information indicating that such an order may have been made in 1912, County's attorney failed to search the commission's 1912 minutes until 1981.

The 1912 commission's minutes, the petition for the road and the road viewer's report have all been in County's possession since 1912. A diligent search in 1976 would have resulted in their discovery. "Where the moving party in a motion for new trial on the ground of 'newly discovered' evidence has had the books and documents in possession, from which he later 'discovers' the 'new evidence', the motion will be denied, even though the evidence itself may be material. Rand v. Kipp (1902), 27 Mont. 138, 142, 69 P. 714." Kartes, 175 Mont. at 215, 573 P.2d at 194.

Although material, the evidence discovered in 1981 is neither complete nor decisive with respect to whether or not Sage Creek Road was statutorily dedicated in 1912. However, our decisions, in Rand, supra, and Kartes, supra, make it unnecessary to determine the question of whether the evidence would have produced a different result at the 1976 trial.

The trial court judge has wide discretion in determining whether or not to grant a motion for a new trial on the basis of newly discovered evidence. Kerrigan v. Kerrigan (1943),

6

115 Mont. 136, 139 P.2d 533. The trial court judge did not abuse her discretion in the case at bar. The October 6, 1983 order of partial summary judgment by the District Court denying County's motion for a new trial is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

7