No. 90-360

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN RE THE MARRIAGE OF BARBARA BURNER,

Petitioner and Respondent,

and

MAX D. BURNER,

Respondent and Appellant.

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Thomas Honzel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Thomas F. Dowling; Dowling Law Firm; Helena, Montana

For Respondent:

Ann L. Smoyer, Helena, Montana

Submitted on Briefs: November 29, 1990

Decided: January 4, 1991

FILED

JAN 4 - 1991

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Appellant Max. D. Burner, respondent below, appeals the order of the Montana First Judicial District Court, Lewis and Clark County, denying his motion to set aside a property settlement stipulation and denying his motion for new trial. We affirm.

The husband frames a sole issue on appeal:

Did the District Court err in not granting a motion for a new trial and in not setting aside a Stipulated Disposition of the Burner's marital estate?

The Burner's marriage was dissolved on May 16, 1990. Prior to the entry of the decree, the parties had difficulty resolving how to divide the marital estate. The court held a hearing for the purpose of resolving the dispute. During a recess the parties negotiated a settlement. Back in court they advised the court of the resolution and entered into a stipulation disposing of the property. The stipulation provided that the husband would receive the couple's business and be solely responsible for all tax liabilities on the property.

Prior to the open-court property stipulation, the wife allegedly discovered certain facts about the earnings and value of the business. These facts greatly enhanced the value of the business, and consequently the wife's share of the marital estate, as well as the business's potential tax liability. She informed her attorney of this discovery as well as the parties' accountant, and these three met with the husband's counsel to discuss the situation.

2

In addition, the wife turned over these business records to the Internal Revenue Service (IRS), generating an investigation. The husband alleges that she did not inform him that she turned this information over to the IRS, and that because of her actions he now has discovered that he is facing an enormous tax liability under the property stipulation, and that this amounts to newly discovered evidence warranting a setting aside of the property disposition and a new trial.

We agree with the District Court's conclusion that the husband has failed to meet the criteria for setting aside a decree and granting a new trial. See Rule 59(a), M.R. Civ.P., § 25-11-102, MCA, Rule 60(b)(2), M.R.Civ.P. The criteria granting a new trial on the grounds of "newly discovered" evidence are:

> 1. The substantial rights of the party moving for new trial must be materially affected.
>
> 2. The "newly discovered" evidence sought to be introduced must be material to the issue involved in the trial.
>
> 3. The "newly discovered" evidence must be such as could not have been discovered and produced at trial with the exercise of reasonable (or "due", per Rule 60, M.R.Civ.P.) diligence, or could not have been discovered by reasonable diligence in time to move for a new trial under Rule 59, M.R.Civ.P.

Kartes v. Kartes (1977), 175 Mont. 210, 214, 573 P.2d 191, 193. In Kartes, we also noted that the burden was on the moving party to demonstrate that:

> 1. The alleged "newly discovered" evidence came to his knowledge after the trial;
>
> 2. It was not a want of diligence which precluded its earlier discovery;

3. The materiality of the evidence is so great it would probably produce a different result on retrial; and,

4. The alleged "new evidence" is not merely cumulative, not tending only to impeach or discredit witnesses in the case.

Kartes, 573 P.2d at 194, citing Kerrigan v. Kerrigan (1943), 115 Mont. 136, 144, 139 P.2d 533, 535. Furthermore, "[w]here the moving party in a motion for new trial on the ground of 'newly discovered' evidence has had the books and documents in his possession, from which he later 'discovers' the 'new evidence', the motion will be denied, even though the evidence itself may be material." Kartes, 573 P.2d at 194, citing Rand v. Kipp (1902), 27 Mont. 138, 142, 69 P. 714, 715.

Here, the record indicates that the husband not only had the necessary business records in his possession but that he also had full knowledge of the couple's potential tax liability pursuant to his attorney meeting with the wife, her attorney, and the accountant four days prior to entering the stipulation. He knew at the time of the hearing that there was unreported income and that if they were audited, there would be substantial tax consequences. The only "new" information the husband "discovered" after the entry of the decree was that the wife had informed the IRS of the couple's potential tax liability, which arose from the couple's alleged failure to report income earned in the operation of the business and for which both parties could be liable to the IRS regardless of assignment of such liability in the divorce decree.

The husband essentially contends that such failure by the wife

4

to disclose her actions prevented the District Court from equitably apportioning the property in the marital estate, and therefore the decree should be set aside and the property equitably apportioned pursuant to further proceedings. See § 40-4-202, MCA. However, it is a long established maxim of jurisprudence that "[p]arties must not expect relief in equity, unless they come into court with clean hands." Mitchell v. Leland Co. (9th Cir. 1917), 246 F. 103, 107; see also Fey v. A.A. Oil Co. (1955), 129 Mont. 300, 318, 285 P.2d 578, 587; Tomsheck v. Doran (1953), 126 Mont. 598, 607, 256 P.2d 538, 543; Perry v. Ludig (1950), 123 Mont. 579, 591, 217 P.2d 207, 218. Here, the husband had full knowledge of the unreported tax liability. The order denying the motion to set aside the decree is

**AFFIRMED.**

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

5