NO.   95-318

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE THE MARRIAGE OF

GORDON A. CLARK,

      Petitioner and Respondent,

  v.

KIMBERLY CLARK,

      Respondent and Appellant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Brian Kohn, Billings, Montana

      For Respondent:

      R. Russell Plath, Halverson, Sheehy & Plath,
      Billings, Montana

Submitted on Briefs:   October 26, 1995

Decided:   November 21, 1995

Filed:

FILED

NOV 21 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Respondent Gordon A. Clark filed for divorce from the appellant Kimberly Clark. Although served, appellant did not appear in the divorce action and the Thirteenth Judicial District Court, Yellowstone County, duly entered a default against her. Appellant later moved the District Court to have the default set aside and reopen the dissolution proceedings. The District Court denied her motion and appellant appeals.

We affirm.

Appellant and respondent were married in December, 1991 and resided near Acton, Montana. In June 1992, respondent was removed to the federal prison in Leavenworth, Kansas, to begin serving a sentence for federal drug charges. At all times pertinent to this appeal, respondent remained incarcerated at Leavenworth, and in fact he is still in prison today. In September 1993, respondent filed for divorce, and appellant **was** properly served with notice of the divorce proceedings. Appellant did not appear in the proceedings and respondent received a judgment by default in December 1993.

In July 1994, appellant moved the District Court to set aside the default. Her motion was supported by an affidavit which

2

alleged that respondent threatened to have her hurt or killed if she contested the divorce, and that she had not entered an appearance because she was afraid to do so. For his part, appellant accused respondent of pawning some of his personal belongings, "trashing" his home, and continuing to write checks on their checking accounts after she had drained them of funds, resulting in numerous bad check charges against her.

The parties stipulated that the matter was submitted on the briefs, motions, and affidavits, without an evidentiary hearing. On April 18, 1995, the District Court held that neither party came to court with "clean hands," characterizing their respective actions as "nefarious." The court therefore determined to leave the parties as it found them and denied appellant's motion to set aside the default.

The sole issue on appeal is whether the district court abused its discretion by refusing to set aside the default. Appellant alleges that the District Court misapplied the "clean hands" doctrine in this case, and that this misapplication was erroneous. We agree, but affirm on other grounds.

The doctrine of clean hands means:

> equity will not grant relief to a party, who, as actor, seeks to set judicial machinery in motion and obtain some remedy, if such party in prior conduct has violated conscience or good faith or other equitable principle. One seeking equitable relief cannot take advantage of one's own wrong.

Black's Law Dictionary 250 (6th ed. 1990), citations omitted. "[I]t is a long-established maxim of jurisprudence that parties must not expect relief in equity, unless they come into court with

clean hands."  In re Marriage of Burner (1991), 246 Mont. 394, 397, 803 P.2d 1099, 1100.

Yet a court cannot expect the parties before it to have led blameless lives.  It cannot note every wrong ever done and hold it against them, thereby "repelling all sinners from a court of equity."  Hoopes v. Hoopes (Idaho 1993), 861 P.2d 88, 92.  The doctrine therefore dictates the parties must have clean hands only regarding the controversy or issue then before the court. It prevents the parties from profiting from their own wrongs.

In this case, neither party has been a model of decorous behavior.  Each accuses the other of myriad wrongs, both have prison records, and one is currently incarcerated.  But unfounded accusations alone cannot taint a party with unclean hands, and none of the documented wrongs perpetrated by either party can be traced back to the divorce.  In seeking to set aside the default, appellant is not attempting to profit from her past bad actions. In resisting her motion, respondent is not trying to capitalize on his own wrongs.  As far as the divorce proceeding is concerned, the hands of both the parties are clean.

Nevertheless, the District Court did not err in refusing to set aside the default. Appellant's motion, affidavit, and brief do not contain sufficient evidence to justify such a result.

We will reverse a trial court's refusal to set aside a default judgment if we find even a slight abuse of discretion.  But the party seeking to set aside the default bears the burden of proving

such a result is warranted. Falcon v. Faulkner (Mont. 1995), 903 P.2d 197, 200, 52 St.Rep. 1011, 1013.

Rule 60(b), M.R.Civ.P., lists the circumstances under which a default may be set aside:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons :
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence . . .
> (3) fraud . misrepresentation or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied . . . or
> (6) any other reason justifying relief.

In this case, appellant's motion relies on 60(b) (6) because she asserts another reason exists to justify setting aside the default. However, relief is warranted under subsection (6) of Rule 60(b), M.R.Civ.P., in extraordinary situations only, such as lack of subject-matter jurisdiction, unavoidable lack of counsel, or potential judicial bias. Falcon, 903 P.2d at 201, citations omitted.

Appellant **claims** she did not appear in the divorce action because she was threatened by respondent with physical injury. She asked the district court to set aside the default on the grounds of coercion and duress. This Court will grant that a clear showing of believable, coercive threats which intend to and succeed in preventing a party **from** taking part in a controversy may indeed qualify as an "extraordinary situation" justifying relief from a default.

In this case, however, the parties stipulated that the motion was submitted on the briefs and affidavits, and that no evidentiary hearing was necessary. Therefore, appellant offered no evidence concerning the alleged "coercion and duress" other than her own allegation that threats were made. She did not specify when the threats were made or what was specifically threatened. She offered no corroborating testimony or affidavits from others who knew of the threats or saw their effect on her. Appellant's allegation alone, without more, is insufficient to create an "extraordinary situation" which would justify setting aside the default, and the District Court did not abuse its discretion in refusing to do so.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

November 21. 1995

CERTIFICATE  OF  SERVICE

I hereby certify that the following certified order was sent by United States  mail, prepaid, to the following named:


Brian  Kohn
Attorney  At  Law
2501  Fourth  Avenue  North
Billings  MT  59101

R.  Russell  Plath
Halverson,  Sheehy  &  Plath,  P.C.
Box  1817
Billings  MT  59103-1817


ED  SMITH
CLERK  OF  THE  SUPREME  COURT
STATE  OF  MONTANA

BY:_____
Deputy