No. 87-433

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

KELLY W. SCHILKE,

Plaintiff and Respondent,

-vs-

RAYMOND P. BEAN,

Defendant and Appellant,

and

JOHN McRAE,

Third-Party Defendant/Respondent.

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Ravalli,
The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Christopher Daly, Missoula, Montana

For Respondent:

Jeffrey H. Langton, Hamilton, Montana
William R. Baldassin, Missoula, Montana

---

Submitted on Briefs: April 14, 1988

Decided: May 24, 1988

Filed: MAY 2 4 1988

*Ethel M. Harrison*

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

This is an action for rescission of a contract for deed of real property. The District Court for the Fourth Judicial District, Ravalli County, allowed Mr. Schilke to rescind the contract. It awarded him damages for sums paid under the contract, for expenses of improving the property, and for attorney fees and costs. Mr. Bean appeals. We affirm.

The issues are:

1. Did the District Court err in failing to grant the seller a directed verdict?

2. Did the court err in refusing to amend its findings and conclusions?

3. Did the court err in failing to grant a new trial because of newly discovered evidence?

4. Did the court err in absolving attorney Mr. McRae from liability?

In 1979, defendant Mr. Bean (seller) acquired an interest in undeveloped property through an unrecorded contract of sale. His intent was to subdivide the property through the use of occasional sales under § 76-3-207, MCA. Toward that end, he had attorney Mr. McRae prepare fill-in-the-blank contract forms.

In January 1980, the seller and Mr. Schilke (buyer) entered into a written agreement on one of the prepared contract forms whereby the buyer would purchase a 2-acre tract of the property. They paced out the tract selected, but no survey was done. Buyer paid $1,000 down, with monthly payments for 5 years on the balance of the $8,000 purchase price. Payments were made directly to the seller. The contract provided that title would remain in the seller until the full purchase price was paid and that the seller would have 16 months to provide title to the tract through warranty

2

deed. The contract further provided that if the 16-month deadline were not met, the buyer would receive an undivided interest in the whole property upon payment of the contract price. Also, the contract provided that if seller breached the agreement or refused to complete the sale, the agreement would be rescinded.

In January 1985, the buyer made the final payment due under the contract. For a variety of reasons, both personal and relating to the county's approval process for occasional sales, seller did not convey the property to the buyer by a warranty deed before or at that time. In fact, the only deed to buyer ever filed by the seller was a quitclaim deed filed in September 1985.

In February 1985, Ravalli County adopted subdivision evasion criteria which prohibited use of occasional sale exemptions for divisions of land adjacent to prior occasional sales. This affected the 2-acre tract desired by the buyer. The seller then began the proceedings for approval of his property as a minor subdivision, but that process had not been completed at the time of trial. In January 1986, the buyer filed this suit. The seller filed a third-party complaint against Mr. McRae, who had drafted the form contracts for him. After a three-day trial, the District Court entered extensive findings and conclusions. The court entered judgment that the buyer was entitled to rescind his contract with the seller. It ordered seller to pay buyer all sums paid for the property, with interest, plus expenses paid for improvements to the property and costs and attorney fees. The seller appeals.

I

Did the District Court err in failing to grant the seller a directed verdict?

3

The buyer's complaint contained seven counts against the seller. They were violation of the Montana Subdivision and Platting Act, fraud, breach of fiduciary duty, breach of duty as trustee of buyer's land payments, constructive fraud, breach of the duty to act in good faith, and a claim for attorney fees. At the close of the buyer's case-in-chief, the seller moved for directed verdicts on all seven counts of the complaint. The court denied each of the motions. The seller contends that the buyer failed to prove that he was entitled to any of the relief sought.

Since this case was tried to the court, the motions for directed verdict were not appropriate. A motion for directed verdict is only proper in a jury trial. We will treat this issue as if the motions had been for involuntary dismissal under Rule 41(b), M.R.Civ.P. That rule provides, in relevant part:

> After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief.

In his case-in-chief, the buyer presented evidence that the seller failed to reveal at the time the contract was signed that he did not have clear title to the property. He also presented evidence that the seller accepted and used all of buyer's payments for the 2-acre tract without providing the buyer with a warranty deed to the tract. Many of the elements of the counts against the seller could arise as a matter of law, e.g., existence of fiduciary or trustee status, duty as a fiduciary or trustee, or could be implied by the testimony, e.g., fraudulent intent. We conclude that the buyer presented sufficient evidence to support his claims.

4

The District Court properly refused to grant an involuntary dismissal of the complaint.

## II

Did the court err in refusing to amend its findings and conclusions?

The seller objects to 35 specific findings of the trial judge. Rule 52(a), M.R.Civ.P., provides that "[f]indings of fact shall not be set aside unless clearly erroneous." Without listing all of the specifics cited by the seller, we have reviewed them and in only two instances have found clear error on the part of the District Court.

Finding no. 52 states that the seller took no action to collect default fees owing when the buyer was late on contract payments. The seller introduced into evidence copies of two letters he wrote to buyer demanding late fees. Despite seller's statement at trial that buyer had paid all sums due under the contract, those letters disprove finding no. 52. For that reason, we hold that finding no. 52 must be deleted. Such deletion does not require any change in the judgment.

Finding No. 69 describes the buyer's expenses in improving the 2-acre tract. The finding states that buyer did 24 to 30 hours of backhoe work on the property, at a rate of $10 per hour. The actual testimony in the transcript was that the rate was $40 per hour. The finding also states that buyer put in 50 hours of additional labor at $8 per hour. The transcript of that testimony shows that the rate was $8.50 per hour. The buyer also estimated the total value of his backhoe work at $960 and the total value of his labor at $450. We order that finding no. 69 be amended to show that the rate for backhoe work was $40 per hour and the rate for labor was $8.50 per hour.

5

As to the other findings, the changes suggested by the seller are in some cases clarifications, and in other cases additions to the findings of the court. The testimony and other evidence at trial supports each of the challenged findings. We conclude that the court did not err in refusing to amend its findings and conclusions, other than in the two instances noted above.

### III

Did the court err in failing to grant a new trial because of newly discovered evidence?

The newly discovered evidence is a letter dated January 3, 1980, from third-party defendant Mr. McRae to the seller. The seller apparently had this letter in his files but did not discover it until after trial.

A new trial will be granted because of newly discovered evidence only when 1) the evidence has come to the petitioner's knowledge since the trial; 2) it was not through want of diligence that the evidence was not discovered earlier; 3) the evidence would probably produce a different result upon retrial; 4) the new evidence is not merely cumulative; 5) the evidence is supported by affidavit; and 6) the purpose of the new evidence is not merely to impeach the character or credit of a witness. Kerrigan v. Kerrigan (1943), 115 Mont. 136, 139 P.2d 533.

In the letter, Mr. McRae thanks the seller "for entrusting your legal matters to me." We fail to see how this would change the result on retrial, because it had already been shown that Mr. McRae was the attorney who drafted the form contract for the seller. Further, since the letter was in the seller's possession since it was received, element (2) has not been met. We hold that the District Court did not err in denying the motion for new trial.

6

## IV

Did the court err in absolving attorney Mr. McRae from liability?

The District Court found that

> 64. Bean seeks indemnification for his damages, if any, from his former attorney, McRae, on a theory of negligence. Bean had the burden to prove (1) the existence of the relationship of attorney and client with McRae with regard to the contract; (2) acts constituting the alleged negligence; (3) that the negligence was the proximate cause of his injury; and (4) the fact and extent of the injury alleged. Bean has completely failed to meet his burden of proof as to elements 2 and 3. Bean alleges that but for the negligence of his former attorney he would not be in breach of contract. In fact, Bean's own failure to do what he undertook to do and had the ability to do is the proximate cause of his present injury.
>
> 65. Bean did not present any evidence that would establish that McRae breached any standard of care expected of attorneys, either in the area of McRae's practice or in a similar locality and under similar circumstances.
>
> 66. The Agreement prepared by McRae was prepared with a reasonable degree of care and skill for the purposes requested and based upon the information provided by Bean. McRae was acting solely as attorney for Bean and said contract has a legal purpose. Bean does not allege that the contract does not conform to the specifications he required of it.
>
> 67. McRae acted in good faith and in the honest belief that his acts were well founded and in the best interest of his client and furthermore that his client would in fact perform the agreement so as not to harm others. There is no evidence that McRae guaranteed by express agreement, the validity of the instrument he was engaged to draft and in such absence an attorney is not held to be an insurer or guarantor of such validity.

The seller (Mr. Bean) argues that he presented evidence of negligent conduct on the part of Mr. McRae and that this conduct was the cause of the seller's damages.

If we followed the seller's logic, we would be holding Mr. McRae liable for the damages resulting from the seller's delay in filing the deed to buyer. As indicated in the District Court's findings, the evidence was that Mr. McRae was asked to prepare fill-in-the-blank contracts, with no knowledge of the specifics of each deal for which the contracts would be used. There is nothing in the record to indicate that the occasional sale to the buyer would have been disallowed had the deed been filed prior to the February 1985 adoption of new subdivision evasion criteria by Ravalli County. Rather, the problems arose from the delay in filing a deed to this tract. We conclude that the District Court correctly absolved Mr. McRae from liability.

The buyer points out that under section 22 of the parties' contract, he is entitled to his attorney fees on appeal. We agree. We remand to the District Court for determination of reasonable attorney fees on appeal. In all other respects, with the exception of the two modifications to findings under Issue II, we affirm the judgment of the District Court.

Justice

We Concur:

Chief Justice

Justices