No. 89-418

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

---

ELLIS A. BRUNNER and GLORIA A. BRUNNER,
Husband & Wife, STEVEN GROSS, LYLE GRENAGER,
and ALAN DAVIS,

        Plaintiffs and Respondents,

    -vs-

LEO R. LaCASSE and FRIEDA LaCASSE, Husband and Wife,
and HENRY LaCASSE, HELENE LaCASSE

        Defendants and Appellants,

FILED

JAN 16 1990

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

---

APPEAL FROM:  District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Clinton H. Kammerer; Kammerer Law Offices, Missoula,
        Montana

    For Respondent:

        Richard Buley; Tipp, Frizzell & Buley, Missoula, Montana

---

                  Submitted on Briefs:  Dec. 7, 1989

                        Decided:   January 16, 1990

Filed:

                                  Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

This appeal arises from denial of appellants' motion for new hearing or, in the alternative, relief from judgment entered by the District Court of the Fourth Judicial District, Missoula County, on remand from an earlier appeal to this Court. We affirm.

Respondents brought the underlying action seeking rescission of a real estate contract. Pursuant to the contract, appellants transferred undeveloped agricultural lots to respondents in exchange for cash and respondents' equity in a Missoula home. The District Court ruled respondents were not entitled to reimbursement of their equity upon rescission. We reversed and remanded for a determination of the value of respondents' equity in the home.

Subsequent to presentation of conflicting testimony at hearings held December 16 and 23, 1988, the District Court, in its January 30, 1989 findings of fact, conclusions of law and order, found the value of the home at the time of transfer to be $86,900.00. Respondents filed a Notice of Entry of Judgment on March 10, 1989 and mailed a copy of the same to counsel for appellants.

On March 23, 1989, appellants moved for a new hearing or relief from the judgment entered against them based on the discovery of new evidence. Appellants discovered documentation of their sale of the Missoula home to a third party approximately two years following the transaction from which this litigation arises. According to these documents, the selling price of the Missoula

2

home in September, 1981, was roughly $13,000.00 less than the value found by the District Court. In its opinion and order dated June 14, 1989, the District Court held appellants' failed to adequately establish grounds for either a new trial or relief from judgment. We agree.

Appellants' sole specification of error is the District Court's failure to find the newly discovered evidence warranted a rehearing on the value of respondents' equity in the Missoula home. Section 25-11-102, MCA, provides as follows:

> The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved for any of the following causes materially affecting the substantial rights of such party: (4) newly discovered evidence material for the party making the application which he could not, with reasonable diligence, have discovered and produced at the trial;

Similarly,

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b):

Rule 60(b) M.R.Civ.P.

Clearly, the moving party must demonstrate due diligence in unearthing the newly discovered evidence before either relief from judgment or a new trial is proper. Schilke v. Bean (Mont. 1988), 755 P.2d 565, 568, 45 St.Rep. 930, 933. We find that appellants in the instant case were lax in uncovering the evidence in question. Appellants' evidence consists of documents prepared in

3

the culmination of their sale of this home two years after their transaction with respondents. However, they sought to glean only one pertinent fact from that evidence: the selling price of the Missoula home. Not only could appellants have obtained this data from any of a number of other sources, copies of the closing documents were no doubt available through discovery.

Appellants' arguments regarding the diligence with which they pursued this evidence are without merit and we therefore affirm the ruling of the District Court. We further award respondents their attorney's fees incurred in this appeal.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

4